JOHN McCARTY v. SEBASTIN BAUER.

*Error from Leavenworth County.*

A city engineer, who, by ordinance has no discretion to refuse, when called upon, to survey lots for private individuals, is not thereby constituted an agent of the city in performing the work. No one was bound by his certificate nor was it evidence; *semble*, otherwise when he acts for the city in making improvements, the city would be liable.

A city engineer, acting as such, is liable for negligence or fraud only; acting as a professional surveyor, he is liable for negligence, fraud, and a want of reasonable and ordinary skill, but in neither capacity is absolute correctness in performing his work, the test of the amount of skill required.

In an action against an engineer for damages growing out of an erroneous survey, *held* that the manner in which the work was done, and the amount of care and skill used were material questions of fact for the jury, but what degree of care and skill would absolve him from liability in case of a mistake, was a matter for the court.

In such case, where testimony was given on both sides as to the question of fact, it was the duty of the court when requested, to charge the law.

A charge requested by defendant in such case, "that if the jury believe from the evidence, that the defendant as city engineer or surveyor used due care and exercised a reasonable degree of skill, then the plaintiff is not entitled to recover, although the boundaries are incorrect," embodied a legal proposition necessarily arising, and should have been given; that for the court to refuse it, was error.

Bauer sued McCarty in District Court for damages alleged to have been caused in wrongly locating the lines of lot 29, block 49 Leavenworth. The work was alleged to have been done in a careless and unskillful manner. McCarty was a practical surveyor, and made the survey at the request of Bauer, in April 1862, and received $2.50 therefor. It was shown that buildings located according to such survey by the owner of the lot, Bauer, extended over upon the adjoining lot two feet and two tenth's inches. At the time of the survey it was shown that McCarty was surveyor or civil engineer of the said city of Leavenworth. It was also shown that by ordinance of said city, the city

engineer was " required to make survey of lots within the city limits for private individuals, when requested by them." The ordinance fixed the amount of fees he should receive from persons for whom the survey was made.

Evidence was introduced tending to show that McCarty used due care and exercised a reasonable degree of skill in making the survey and in fixing the boundaries to the lot in question, and that he believed the survey to be correct at the time it was made.

The case was tried before a jury, whom the judge was requested, and refused, to charge " 3d. That if the jury believe from the evidence that defendant as city engineer or surveyor, used due care and exercised a reasonable degree of skill in locating the boundary line to plaintiff's lot, the plaintiff is not entitled to recover against said defendant, although the boundary lines were *incorrectly established*."

The jury found for plaintiff below. Defendant excepted and moved for a new trial, and brought the case here on exceptions to an order refusing a new trial.

The case was argued by *W. P. Gambell & Fitzwilliams*, for plaintiff, and by *Burns*, for defendant in error.

*Hemmingray*, *Gambell & Fitzwilliams*, for plaintiff in error, submitted :

1st. Where the ordinances of a city provide that the city engineer or surveyor, as a part of the duties of his office, should make all surveys of lots within the corporate limits of such city for private individuals, and fix the compensation that he shall receive from such individuals, the city becomes liable for any damages such individuals may sustain, if the survey is made in a negligent and unskillful manner.

*a.* The principle of *respondeat superior* should apply in the same manner and to the same extent as in its application to the liabilities of private individuals. 3 *Ohio*, 201 ; 2 *Hillard on Torts*, *p*. 473-4, 511; *Stone* v. *Codman*, 15

McCarty v. Bauer.

*Pick.*, 297; *Thayer* v. *Boston*, 19 *Id.*, 516; *Delmonico* v. *New York*, 1 *Sandf.*, 223; *Howell* v. *Buffalow*, 15 *N. Y.*, 512, (1 *Smith*); *Loyd* v. *The Mayor*, 1 *Seld.*, 375; *Lacoor* v. *The Mayor*, 3 *Deur.*, 406; *Mayor* v. *Baily*, 2 *Denio*, 433; *Goodeloe* v. *City Cincinnati*, *Smith* v. *Same*, 4 *Ohio*, 514; *Scovil* v. *Gelding et al.*, 7 *Ohio*, 562; *Rhodes* v. *Cincinnati*, 10 *Id.*, 160; *McComb* v. *The Town of Akron*, 15 *Id.*, 479; *Akron* v. *McComb*, 18 *Id.*, 229; *Wallace et al.* v. *City of Muscatine*, 4 *Iowa*, 373; *Ross* v. *City of Madison*, 1 *Carter*, 281; *The Wayne &c. Co.* v. *Berry*, 5 *Ind.*, 286.

*b.* A city is liable to third persons for any injury such persons may sustain, arising from negligence or unskillfulness of her ministerial officers in performing the duties enjoined by the ordinance of such city. *Thayer* v. *Boston*, 19 *Pick.*, 516, *and cases cited supra.* 3 *Coms.* 465-7; 3 *Duer*, 414.

2. A surveyor is only required to use due care, and to exercise a reasonable degree of skill in executing the business entrusted to him, and the court should have instructed the jury that such was the law. *Chitty, Cont.*, 9th, *Am. Ed., p.* 598; *Grindle* v. *Rush & Grier*, 7 *Ohio*, 464; *Leighton* v. *Sargent*, 7 *Foster*, (*N. H.*) 460.

If there has been no misfeasance or negligence by the city surveyor in the execution of his duty, then he will not be liable, although a party may have sustained damages in consequence of his acts. *Gorenor & Company of Plate Manf.* v. *Meredeth*, 4 *Term, R.*, 794; *Collender* v. *Marsh*, 1 *Pick. R.*, 418; *Seaman* v. *Patten*, 2 *Caines R.* 312; 3 *Graham New Trials*, 1350; *Story Agency*, 328.

3d. The plaintiff must prove such want of care and skill; it is not to be inferred. *Grindle* v. *Rush & Grier*, 7 *Ohio*, 464; *Lamphier* v. *Phipos*, 8 *Carrington & Payne*, 475; 34 *Eng. Com. L. R.*, 487; 32 *Id.*, 444.

*Lewis Burns*, for defendant in error, made the following points:

1st.  The principle *respondeat superior* is not applicable to the case at bar; it is applicable alone to persons employed by corporations as officers, and not to the acts of public officers acting under contract between themselves and private individuals for fees accruing to himself alone. *See cases cited by plaintiff*, 1 *a.*

2d.  The city is not liable for acts of its officers when they act under private contracts in which they alone are interested.  19 *Pick.*, 516; 3 *Comst.*, 465-7.

3d.  The court charged the jury substantially as requested, and was not bound to repeat.  6 *Pet.*, 622; 13 *How. R.*, 54; 21 *Id.*, 382.

4th.  There was no evidence of skill; the fact of a mistake was incontrovertible evidence of carelessness and want of skill.  The defendant below was therefore liable.  *Ang. on Corp.*, 308, *sec.* 329, 417, *sec.* 338; *Sawyer* v. *Winnegance Mill Co.*, 26 *Maine*, 127; 2 *Kent Com.*, 322; *Simonds* v. *Heard*, 23 *Pick.*, 125; *Brown* v. *Austin*, 1 *Mass.*, 209; *Freeman* v. *Otis*, 9 *Id.*, 272; *Bainbridge* v. *Downing* 6 *Id.*, 257.

5th.  McCarty was agent of the defendant in error, and as such was liable.

*By the Court*, CROZIER, C. J.

Two questions are made in the argument:

*First.*  McCarty being the city engineer and doing the work he performed for Bauer, as such, is not liable unless it were negligently done.

*Second.*  He was not liable if it were done in a private capacity, if he exercised in, and brought to the performance thereof, ordinary care and a reasonable amount of skill, although he may have made a mistake.

An ordinance of the city required McCarty to survey and mark the boundaries of lots within the city when called upon so to do by private individuals, and prescribed his fees therefor.  He had no discretion to refuse when

called upon to perform such services, but this did not constitute him an agent of the city for that purpose. Neither the city nor any private person was bound by the surveys he might make when acting at the request of an individual. His report was not conclusive as to the boundaries of the lot. His certificate could not be given in evidence as settling the boundary. He did not do it *for* the city. When the corporation makes public improvements and he acts under its direction, then he is its agent, and his act is the act of the city; and if any person is damaged thereby, it and not he is liable.

Now, as to the other question. Whether he acted as city engineer or as a professional surveyor, he was not bound to the exercise of more than reasonable care and skill. If he did the work in the former capacity, he was liable for negligence or fraud only; if in the latter then he would not only be liable for negligence or fraud, but for a want of skill. In neither capacity does he insure the correctness of his work. The law exacts that of no man. A man exercising the functions of an office must discharge his duties carefully, diligently and honestly, and if he does so he will not be liable for damages. But when a man holds himself out to the public as a professional man, he engages to do more. He thereby agrees with those who employ him to do the work, not only carefully, diligently and honestly, but skillfully. Absolute correctness is not to be the test of the amount of skill the law requires. A reasonable amount of skill is all he is bound to bring to the discharge of his duties.

Upon the trial of the case at bar, the manner in which McCarty made the survey of the lot was a material question, and it was a question of fact to be determined by the jury. They were to determine the amount of care and skill he did exercise in performing the work, but the court was to determine what amount would absolve him from liability in case he made a mistake. There having been

31

testimony on both sides as to the manner in which the work was done, it was necessary that the jury be informed of the rule of law in order to arrive at a correct conclusion.

The third instruction embodied a legal proposition necessarily arising upon the pleadings, and the testimony shows it to have been applicable to the case. It should have been given to the jury; and especially so, as nothing whatever had been said to the jury by the court upon the subject of it.

The judgment will be reversed and the cause sent back with directions to the District Court to sustain the motion for a new trial.