Branner v. Stormont.

JOHN BRANNER v. DAVID W. STORMONT, *et al.*

1. PHYSICIANS AND SURGEONS—*Implied Contract.* The implied contract with a surgeon is that he possesses reasonable skill in his profession, and will use reasonable care and diligence.

2. ERROR—*Instructions; Practice.* In a suit for damages, where the jury find for the defendant, error in laying down the rule as to the measure of damages works no prejudice to the plaintiff.

*Error from Shawnee District Court.*

BRANNER sued *Stormont & Bailey,* physicians and surgeons, for alleged malpractice in the treatment of a broken leg. The action was tried at the June Term 1869, before T. R., judge *pro tem.,* and a jury. The jury found for the defendants. New trial refused, and judgment on the verdict. *Branner* brings the case here by petition in error. The facts,

and the instructions given and refused, are sufficiently stated in the opinion.

*A. H. & M. H. Case*, and *D. Brockway*, for plaintiff:

1. The instruction asked by plaintiff, and refused, regarding the necessary skill, care and diligence to be possessed and used by surgeons, was the law, and should have been given. 22 Penn. St., 261, 268.

The charge of the court, as given, is not the law. The surgeon is held to more than ordinary care and attention in his dealing with human life and limb. 1 Duer, 240; 18 N. Y., 534.

2. It was error to refuse to instruct the jury, that if they found for the plaintiff, they might take into consideration, in assessing his damages, " the loss of time, the bodily pain and suffering, if any, to which plaintiff has been or may hereafter be subjected, his diminished bodily strength and incapacity for business," etc. 1 Duer, 240; 18 N. Y., 534; Sedg. Dam., 587, and notes.

The court below undertakes to define what is " proper care and attention " in this case. Its definition is of too low a grade. " Common prudence and care, exercised by common-sense men, such as are usually exercised where all are alike interested," is neither the law nor the fact of this case. The doctrine laid down throughout the charge is one of *average*— average capacity, average care, average attention, etc. This is not what the plaintiff bargained for, nor is it what was required of defendants.

*Martin & Burns*, for defendants in error :

1. The record does not set out any of the evidence introduced by either party. It merely shows plaintiff introduced evidence tending to sustain the charges and allegations in the petition, and that defendants introduced evidence on their part tending to disprove the allegations and charges contained in the petition. It was material therefore and

proper, under the issue, for defendants to introduce evidence to show that defendants had each received a good medical and surgical education, and were regularly educated and skillful surgeons and physicians. And the court having instructed the jury on this point it must be presumed that evidence was offered by defendants tending to prove the subject-matter contained in the instructions. Even if no such evidence was offered, there was no error in giving the instruction; it could not have prejudiced plaintiff, because under the instruction the jury were only to consider the subject-matter of the instruction in case there was evidence to support it. 7 Foster, 463, 476.

2. There was no error in the instructions as given. "A surgeon is held to more than ordinary care and attention in his dealings with human life and limb," is not the law. We insist that the instruction on this point as given by the court is correct. Ordinary care and diligence in the treatment of the case is all that is required. *Tefft v. Wilcox*, 6 Kas., 61, 62; 7 Ohio, (pt. 2d,) 462; 28 Me., 97; 29 id., 155; 7 Foster, 460 to 476.

3. The instructions asked by plaintiff were properly refused. While it might be true that there is some good law in the instruction yet there is much that is bad. And the court having fully instructed the jury on the law of the case was not bound to pick out the good law in the instruction, and reject the bad, but properly refused the whole instruction. 5 Kas., 427 to 430; 8 Kas., 159; 14 Ohio St., 295.

4. The instruction asked by plaintiff in regard to the measure of damages was also properly refused. The objectionable part of the instruction is similar to the one given by the court in the case reported in 18 N. Y., 534, and being the same authority referred to by the plaintiff in support of his instruction. In that case the court below instructed the jury that "they would be justified in taking into consideration the bodily pain and suffering which the plaintiff suffered *or was likely to suffer* in consequence of the neglect of the defendants." The court of appeals say, on page 542, "this instruc-

tion in so far as it relates to *future pain and suffering* is clearly erroneous." ·

The opinion of the court was delivered by

BREWER, J.: This was an action for·malpractice. The cause alleged was the unskillful and negligent treatment of a compound fracture of plaintiff's leg. Verdict and judgment were for the defendants. None of the testimony is preserved, it being stated in the bill of exceptions simply that plaintiff offered testimony tending to prove the allegations of his peti-tion, and the defendants' testimony tending to disprove them. The case is before us therefore only upon the instructions, and as to them it nowhere appears that all that were given or refused are preserved in the record.

The main questions presented by the instructions have but recently been before this court, in the case of *Tefft v. Wilcox*, 6 Kas., 46, and the views therein expressed seem decisive of this case. The court gave this instruction:

"The law required the defendants to possess and employ that degree of skill which ordinarily characterized the pro-fession at the time they treated the limb; and if you find that such injuries resulted from want of such skill the de-fendants are liable."

And the court refused this instruction asked by the plaintiff: "It is the duty of the attending surgeon to exercise such reasonable skill and diligence as thoroughly educated surgeons ordinarily employ; and in judging of this degree of skill in a given case, regard is to be had to the advanced state of the profession at the time. In other words, it is the duty of every artificer to exercise his art rightly and truly as he ought, and this is peculiarly the duty of professional practitioners to whom the highest interests of man are often necessarily entrusted." If the instruction given stated the· law fully and correctly, the court was under no obligation to restate that law in the same or different language simply because requested. One statement is enough. A refusal to repeat is no error. That the instruction given stated the law correctly cannot at this late day be questioned. Reason-

able care and skill is the measure of obligation created by the implied contract of a surgeon, lawyer, or any other professional practitioner. " His contract as implied in law is, that he possesses that reasonable degree of learning, skill, and experience which is ordinarily possessed by others of his profession; that he will use reasonable and ordinary care and diligence in the treatment of the case which he undertakes, and that he will use his best judgment in all cases of doubt as to the proper course of treatment." *Tefft v. Wilcox,* 6 Kas., 61; *Bauer v. McCarty,* 3 Kas., 241; *McCandless v. McWha,* 22 Penn. St., 261; *Leighten v. Sargent,* 7 Foster, 460; *Howard v. Grover,* 28 Maine, 97; *Simonds v. Hewey,* 39 Maine, 155.

The instruction refused was framed by uniting detached sentences in the opinion of the court in the case above cited from 22 Penn. St., 261. That case laid down the rule as above given of reasonable skill and diligence. Perhaps the instruction carefully analyzed does no more than affirm this rule. If so, then as we have seen it had been already given to the jury. But there are some expressions in it which seem to carry the idea of a higher obligation; some at least which would be apt to convey such an impression to a jury. If told that it was the duty of a surgeon "to exercise his art rightly and truly," they might reasonably understand that he was required in any given case to use such treatment as the circumstances of that case demanded, and that a failure to use such treatment was a breach of duty. This too without reference to the cause of such failure, whether mistake of judgment, want of the highest skill, or otherwise. Under these circumstances it was the duty of the court to avoid the use of language which was apt to mislead, and to use only that which plainly and clearly declared the rule.

Of some of the other instructions refused, we are unable to see whether they are applicable to the facts of the case as disclosed by the testimony, and of course cannot say whether they were properly or improperly refused. Of such character is the one that it is the duty of a patient to submit to such treatment as his surgeon prescribes unless he thereby perils

his health or life. Whether this be correct or not is immaterial. For though correct, it may have been properly refused because there were no facts developed in the testimony which called for any expression thereof.

It is objected that the true measure of damages was not given in the instructions. But the jury never reached the question of damages; and if there be any error in this respect it has wrought no prejudice to the plaintiff. The judgment will be affirmed.

All the Justices concurring.