## F. R. WILKES v. DAVID WOLBACK, *et al.*

1. INSTRUCTION, *When Immaterial.* It is generally immaterial whether an instruction, which goes simply to the amount of recovery, is good, or bad, when the jury upon proper instructions find against any recovery.

2. NEWLY-DISCOVERED EVIDENCE; *Due Diligence.* Before a new trial will be granted on the ground of newly-discovered evidence, due diligence prior to the trial in respect to such evidence must be shown; and to this end it is not sufficient for the moving party to merely allege that he used due diligence, but he must state the facts, so that the court can see that there was due diligence.

### *Error from Decatur District Court.*

ACTION by *Wilkes* against *Wolback* and another, on a promissory note for $100, with interest. Judgment for the defendants at the September Term, 1882, of the district court. The plaintiff brings the case here. The opinion states the facts.

*T. R. Wilkes,* plaintiff in error, for himself.

The opinion of the court was delivered by

BREWER, J.: Action on a promissory note. Defense, want of consideration, and that it was a mere accommodation note executed by defendants to plaintiff. Trial by a jury. Verdict and judgment for defendants. Plaintiff alleges error.

It is claimed that the court erred in charging the jury that the burden was on the plaintiff to prove the amount due on the note, and this for the reason that the execution of the note was admitted. *Prima facie,* therefore, it was valid, and was a promise on the part of defendants to pay the amount therein to the plaintiff. Whatever force there might be to this objection, if the jury had found for the plaintiff in an amount less than that named in the note it cannot avail him anything as the case now stands. The verdict was for the defendants, and the court, after stating the claim of defendants, thus instructed:

"The burden of proof, that said note was given as aforesaid to enable the plaintiff to borrow money as aforesaid, and for no other consideration whatever, as stated above, is upon the said defendants, and to entitle them to recover in this case they must prove the same by a preponderance of the testimony. If the defendants have so proven that said note was so executed by them to simply enable the plaintiff to borrow money, and that they the defendants did not receive any consideration for said note, then you should bring in a verdict for said defendants."

"The law presumes that where a note like the one set forth in plaintiff's petition has been executed and delivered by a person to another, that it is so executed and delivered for a valuable consideration, and this presumption exists and remains until the contrary is shown by a preponderance of evidence."

This is correct. It states the rule properly for the guidance of the jury in determining the main issue between the parties. Under this instruction the jury acted. They never had any occasion to consider the other instruction, for they

never inquired how much was due the plaintiff. Generally speaking, it is immaterial whether an instruction which goes simply to the amount of recovery is good, or bad, if the jury upon proper instructions find against any recovery. (*Branner v. Stormont*, 9 Kas. 51; *McIntosh v. Comm'rs*, 13 id. 171.)

Again, it is urged that the court erred in not granting a new trial on account of newly-discovered evidence. The ruling is right. The plaintiff stated in his affidavit that he had used due diligence, but he failed to state any facts showing the efforts he had made. This is fatal. (*Smith v. Williams*, 11 Kas. 104; *Boyd v. Sanford*, 14 id. 280.) The evidence offered was merely cumulative. It consisted of additional statements and admissions of defendants, and on the trial some such statements and admissions were offered in evidence.

Further, it is very doubtful whether such additional testimony, if it were produced, would cause a different verdict.

We see no error in the case, and the judgment will be affirmed.

All the Justices concurring.