WALLER v. THE CITY OF DUBUQUE.

1. **Cities and Towns:** LIABILITY FOR MISTAKE OF CITY ENGINEER. A city is not liable for the negligence or want of skill of its civil engineer in the performance of a duty the benefit of which is to accrue solely to an individual, and not to the city in its corporate capacity; and so the defendant city is not liable for the mistake of its engineer in incorrectly informing the plaintiff as to the established grade of the street adjacent to his lot, though an ordinance of the city made it his duty to give such information, for a named fee to be paid by the person desiring it. See authorities cited in opinion.

*Appeal from Dubuque District Court.*

THURSDAY, OCTOBER 14.

ACTION for damages alleged to have been sustained through the negligence of the city engineer of the defendant city. The defendant demurred to the plaintiff's petition, and the demurrer was sustained. The plaintiff elected to stand upon his petition, and judgment was rendered against him for costs. He appeals.

*McCeney & O'Donnell*, for appellant.

*J. J. McCarthy*, for appellee.

ADAMS, CH. J.—The plaintiff averred in his petition, in substance, that there was an ordinance of the city providing for the appointment of a city engineer; that by the ordinance it was made the duty of the engineer, when required by any person so to do, to fix and determine, according to the plat of the city, the corners of any lot within the city where the grade of the street had been established, and to fix a stake at each corner, on the front and rear of the lot, marking thereon the number of feet or inches the tops of such stakes are above or below the grade, and to charge for such lot so surveyed and marked by him the sum of two dollars, to be paid by the party applying; that the plaintiff was the owner of a lot in said city, on which he had a dwelling-house, fronting on Seminary street, on which street, for several years prior thereto, the grade had been established by the city, and the surface of the street already cut down, leaving the plaintiff's dwelling-house several feet above the street, so that he was compelled to erect a retaining-wall on three sides of the lot; and, in order to ascertain the grade of the street so as to construct the wall in accordance therewith, the plaintiff applied to the then city engineer to determine the grade, and fix the stakes for that purpose; and the city engineer, as required by the ordinance, made a survey, and set stakes at the corners of the lot, but did not mark on the stakes the number of feet or inches the tops of the stakes were above or below the established grade, but verbally directed plaintiff to build his wall to correspond with the tops of the stakes, which he said indicated the established grade of the street; that thereafter, relying upon the grade given by the engineer as the established grade of the street, the plaintiff built a retaining wall on three sides of the lot, placing the foundation of the same on the line level indicated by the city engineer, as the established grade; that thereafter the city, without notice to the plaintiff, cut down the surface of the street in front of the lot three feet below the level given by the city engineer as the grade of the street, and to

which level the plaintiff had already constructed his retaining walls at an expense of $150, and that the lot was damaged to the extent of $300.

The question presented is as to whether these averments show a liability on the part of the city. In answer to the question, we have to say that we think that they do not. It seems to be conceded by the appellant's counsel that the city is not liable for the negligence or want of skill of the city engineer in the performance of a duty, the benefit of which is to accrue solely to an individual, and not to the city in its corporate capacity. We may add that the rule as thus conceded is well established. *Maxmilian v. Mayor*, 62 N. Y., 160; *McCarty v. Bauer*, 3 Kan., 237; Dill. Mun. Corp., (3d Ed.), § 978.

But the position of appellant's counsel is that the duty which the city engineer in this case undertook to perform was for the benefit of the city in its corporate capacity. They base their position upon the fact that the city has the power to establish grades, and is interested in the establishment of grades.

But this was not a case of an establishment of a grade. It is the case of a mere report of a grade already established. The city in its corporate capacity cannot be said to be interested in the correctness of such report. Possibly, as a matter of taste, retaining walls should be built somewhat with reference to the established grade. But the plaintiff was not bound to so build them. He was at liberty to build them as his own taste, convenience or ability seemed to him to render proper. The duty in question, then, was due simply to the plaintiff. His counsel, though conceding the rule of law as above laid down, proceed to cite *Kobs v. Minneapolis*, 22 Minn., 163, and *Dayton v. Pease*, 4 Ohio St., 81 (96.) But these were cases where the city engineer was engaged in making a corporate improvement.

In our opinion, the demurrer to the plaintiff's petition was rightly sustained.

AFFIRMED.