[No. 1445.    Decided November 27, 1894.]

E. N. SARGENT, *Appellant, v.* THE CITY OF TACOMA, *Respondent.*

MUNICIPAL CORPORATIONS—LIABILITY FOR CHANGE OF STREET GRADE—LIMITATIONS.

The establishment of street grades within the meaning of Gen. Stat. § 759, prohibiting changes of grades without prepayment of damages, where injury accrues, contemplates a grade established by

the actual improvement of a street to a grade, or the formal adoption of one by ordinance or resolution.

Under Laws 1883, p. 63 (Gen. Stat. § 759), prohibiting a change in the established grade of any street without first compensating the owner of any building constructed upon said street for the accruing damage, an action will not lie for damages on the part of a property owner who has constructed a building on a street prior to the establishment of the grade thereof by ordinance, although he may have done the work pursuant to grade stakes set him by a deputy showing a grade proposed by the city surveyor, and in accordance with which bids for the improvement of the street had been called for, but no other action had been taken by the city council and mayor confirming or establishing the proposed grade, which they afterwards by ordinance fixed several feet lower.

The plaintiff in an action for the recovery of damages resulting from a change of street grade cannot file an amended complaint setting up as a second cause of action the injury to his land caused by raising the grade of the street above the natural surface, when the work has been done more than three years prior to the filing of the amended complaint.

*Appeal from Superior Court, Pierce County.*

*Thomas Carroll* and *Hagerman & Carroll*, for appellant.

*James Wickersham* and *Stacy W. Gibbs*, for respondent.

The opinion of the court was delivered by

STILES, J.—Appellant brought this action to recover damages for the change of a street grade in front of property whereon he had erected a building. The trial having resulted in a non-suit, he appeals from a judgment entered thereon.

The cause of action arose while the city of Tacoma was operating under its special charter of 1886, which authorized the city government to establish the grades of streets. (Laws 1885-6, p. 199, § 48, Subd. 12). Sec. 5 of the charter, in general terms, vested the power and authority given to the "city government" in a mayor and council, but the various provisions of the act left it uncertain which of the powers conferred might be exercised by resolution of the council alone, and which must be exercised by ordinance with the

concurrence of the mayor. But we are satisfied that the establishment of street grades within the meaning of the act of 1883, prohibiting the changes of grades so as to render the raising or lowering of buildings necessary, without the pre-payment of damages (Gen. Stat. § 759), contemplated either a grade established by the actual improvement of a street to a grade, or the formal adoption of a grade by ordinance or resolution. There is good authority for the latter proposition. *Stewart v. City of Clinton*, 79 Mo. 603; *Mattingly v. City of Plymouth*, 100 Ind. 545; *Nebraska City v. Lampkin*, 6 Neb. 27.

It is not necessary, however, to decide between these methods for the purposes of this case. The city of Tacoma generally followed the method of fixing grades by ordinance, and it pursued that course in this instance when it established the grade of south C street, which it now claims to be the first and only grade established there. The facts developed in this case did not show the establishment of a grade in either of the methods above mentioned. Appellant being about to erect a building fronting on C street at the corner of South 25th, in April, 1890, applièd to a deputy city surveyor to know where the grade line of the street was, and was by him furnished certain data which he accepted as authoritative, and then proceeded with his building. At that time the street had never been improved, but a resolution for its improvement "as per diagram to be made by the city surveyor" had been adopted. The surveyor had made a survey and a diagram and had filed the latter in the office of the city clerk. The street committee had had under consideration the matter of an official grade, and had agreed upon the grade recommended by the surveyor; but no action in reference thereto had been taken by the council. May 21, 1890, pursuant to an order of the council, a contract was let for the grading of the street "according to the established grade;" but on June 7 an ordinance was passed fixing the grade several feet lower than had been recommended and the contract was recalled and a new one made according to this arrangement. In the mean time appellant had pro-

ceeded with the erection of his building, relying upon the information given him by the deputy, whom he had paid for his services. The statute did not define the duties of the surveyor, and no ordinance was proven which made it his duty to furnish such information as was given to appellant, such as that even if the surveyor had himself given the information it could be charged that he neglected an official duty. Under the circumstances, the city's records were the only resort to which appellant could repair for the information he asked. He employed an individual for whom the city was in no wise responsible to make the inquiry for him, and he was misinformed. The resulting damage was therefore not due to any negligence of the city for which it could be held (*Waller v. City of Dubuque*, 69 Iowa 541, 29 N. W. 456); and there having been no established grade it was not liable under the statute.

In September, 1893, appellant endeavored, by setting up a second cause of action, to recover for the injury to his land caused by the raising of the grade of the street above the natural surface, but the court held his action upon that ground barred by the statute of limitations. This ruling was proper as the work was done more than three years prior to the filing of the amended complaint. If actions of this kind are regarded as trespasses upon real property, the three years' limitation created by Code Proc. § 115, covered this case ; but if they are not, then Code Proc. § 120, limiting actions for relief not otherwise provided for to two years, did cover it.

The judgment is therefore affirmed.

DUNBAR, C. J. and HOYT, ANDERS and SCOTT, JJ., concur.