[No. 8278. Department Two. November 26, 1909.]

JOHN M. WELCH *et al.*, *Respondents*, v. SEATTLE AND MONTANA RAILROAD COMPANY *et al.*, *Appellants*.[1]

TRESPASS—AT COMMON LAW—LIMITATIONS. Whether an action is for a trespass upon real property, within the statute of limitations, depends upon what was deemed trespass at common law.

LIMITATION OF ACTIONS—TRESPASS TO REAL PROPERTY—WHAT CONSTITUTES. An action by tenants of a building for damages resulting from tunneling under the property is not an action of trespass, within the three-year statute of limitations, Bal. Code, § 4800, where the damages were largely consequential for injury to business and loss of profits, and by reason of cutting off access; and must be commenced within two years within the provisions of Bal. Code, § 4805, for actions not otherwise provided for.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 17, 1909, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort, after a trial on the merits. Reversed.

*F. V. Brown* and *Frederic G. Dorety*, for appellants.

*Stephen V. Carey* and *Jay C. Allen*, for respondents.

DUNBAR, J.—This action was brought by the plaintiff and respondent John M. Welch, who is a saloon keeper, and his wife, to recover compensation for loss of business resulting from damage to the building which he occupied as a saloon at the time of the construction of the Great Northern tunnel in Seattle. The complaint alleges, in substance, that

[1]Reported in 105 Pac. 166.

the defendants, in the construction of said tunnel, excavated through, across, and underneath the surface of lot 10, in block G, particularly through, across and underneath that portion of said lot covered by plaintiffs' building, held under a certain lease; and that, in constructing the work therein and thereon, the defendants at divers and sundry times caused to be set off and discharged blasts of dynamite, giant powder, and explosives of different kinds, and did remove from off said lot and from underneath the surface, and particularly from that portion thereof so covered by said building, certain of the soil; that by reason thereof the surface of said lot 10, and that portion of it covered by said building, subsided and slid and moved westward, by reason whereof the said building settled, collapsed, and moved from its foundation, and was rendered dangerous and unfit for occupation; and by reason thereof the plaintiffs' business was disturbed and interrupted, and that the plaintiffs were thereby damaged. The answer denied that plaintiffs were damaged by reason of any of the acts of defendants. Reply was made to certain affirmative allegations, which it is not necessary to discuss here. The case went to trial, and judgment was rendered in favor of the plaintiffs.

The defendants raised the question of the statute of three-year limitation, the statute of two-year limitation, and the fact that the lease under which the plaintiffs held the property alleged to have been damaged should have been construed to be a lease from month to month. The court instructed the jury that the two-year statute of limitations did not apply to the case, and that they need not consider it. In this we think the court erred, and upon this question hinges the fate of this case. If the three-year statute applies to an action of this kind, it must be brought within the provision of paragraph 1 of Pierce's Code, § 285 (Bal. Code, § 4800), viz., an action for waste or trespass upon real property. If it does not, then it falls within § 289a (Bal. Code, § 4805), which provides that "An action for relief not here-

inbefore provided for, shall be commenced within two years after the cause of action shall have accrued."

It is the established rule of this court that the question of whether an action is an action for trespass upon real property depends upon what was deemed trespass at the common law, and in order to determine that question it is necessary to examine the common law authorities.  In 2 Cooley's Blackstone (4th ed.), *page 208, the author says that, "Trespass in its largest and most extensive sense, signifies any transgression or offence against the law of nature, or society, or of the country in which we live; whether it relates to a man's person, or his property."  But that "in the limited and confined sense in which we are at present to consider it, it signifies no more than an entry on another man's ground without a lawful authority, and doing some damage, however inconsiderable, to his real property."  The essential idea seems to have been the breaking of a close by force, the words of a writ of trespass commanding the defendants to show cause *quare clausum querentis fregit;* and it was frequently called trespass *vi et armis.*  So great a regard did the law have for a man's close or premises that it presumed damages would accrue from the breaking into or penetrating such close, even if it was no more than the trampling of the herbage therein.  An action setting forth such facts as these was an action in trespass, as distinguished from what was designated an action on the case, where the injury resulting from the action was not caused by direct force, but was consequential or an injury resulting indirectly from the act complained of.    Mr. Blackstone, on *page 123 of Book 3 (Lewis's ed.), makes a distinction as follows:

"And it is a settled distinction, that where an act is done which is in itself an *immediate* injury to another's person or property, there the remedy is usually by an action of trespass *vi et armis;* but where there is no act done, but only a culpable omission, or where the act is not immediately injurious, but only by *consequence* and collaterally, there no

action of trespass *vi et armis* will lie, but an action on the special case, as the damages consequent on such omission or act."

If the allegations in the complaint in this case and the proof show that the action was direct and with force upon the respondents' property, then the action is properly an action in trespass, and the two-year statute will not apply. But if it is indirect or consequential, the two-year statute will apply. It will be seen by referring to the complaint that the damages sought are not damages to the freehold or to the house, but the demand is compensation for loss of business. The respondents had no interest in the value of the premises leased. In this case the right was withheld to sell the property subject to the lease, and it was afterwards sold to the appellants in this case. So that the damage, if recovered at all, must be for injury to the business. In fact, construing the complaint in connection with the proofs in the case, it shows that the greater part, if not all, of the damage was purely consequential. It was claimed and shown by the testimony that access to the respondents' place of business was cut off by reason of a certain action of the appellants, so that it was difficult for customers to reach their place of business, and that they could not reach it from certain directions from which they had reached it before.

This is not a new question before this court. In *Sargent v. Tacoma*, 10 Wash. 212, 38 Pac. 1048, this court said, in speaking on this subject:

"If actions of this kind are regarded as trespasses upon real property, the three years' limitation created by Code Proc. § 115, covered this case; but if they are not, then Code Proc. § 120, limiting actions for relief not otherwise provided for to two years, did cover it."

In *Suter v. Wenatchee Water Power Co.*, 35 Wash. 1, 76 Pac. 298, 102 Am. St. 881, it was held that an action for damages to real property through an overflow caused by the defendant's negligent construction of an irrigating canal,

lawfully built but without sufficiently providing for carrying off the surplus water or controlling the flow, is not an action for trespass within the purview of the three-year limitation for actions for trespass upon real property, since the damages are consequential only and not direct, as required to create trespass at common law, and such action is barred if not commenced within two years from the time the damage accrued; the court citing the case of *Hicks v. Drew*, 117 Cal. 305, 49 Pac. 189, where it was held that the erection of a bulkhead on one's own land, whereby the lands of another are flooded, is not a trespass, and where the following statement was made:

"While in this state all distinctions between common-law actions are abolished as relating to the procedure, yet it is plain that we are bound to consult the common law, and the classification of common-law actions, for the proper determination as to what the law-making power of this state had in mind when using the phrase 'trespass upon real property.' "

And in closing that opinion the court said:

"One of the best tests by which to distinguish trespass is found in the answer to the question, When was the damage done? If the damage does not come directly from the act, but is simply an after result from the act, it is essentially consequential, and no trespass."

This court endorsed the statements made by the California court, and after citing many cases which it is not necessary to review here, held that the statute of limitations had run against the action in question. In this class of cases it is sometimes difficult to draw the line of distinction. But, considering the history of the two classes of actions, viz., trespass and trespass on the case, we think that the damage claimed must be the direct result of the action complained of, the result of a physical invasion of the thing which is claimed to have been injured, and that the complaint in this case, especially construed in connection with the proof which was made and which tended to elucidate the character of the dam-

ages claimed, plainly shows that there was no such physical invasion, and that the damages resulting were incidental and consequential.

Inasmuch as it is conceded in the reply that the action was not brought within two years from the expiration of respondents' lease, it will be impossible for the respondents to recover, and the judgment will be reversed, with instructions to dismiss the action.

RUDKIN, C. J., CROW, PARKER, and MOUNT, JJ., concur.