CITY OF SEATTLE v. GREAT NORTHERN RY. CO. et al.

(District Court, W. D. Washington, N. D.   September 17, 1913.)

No. 2531.

1. REMOVAL OF CAUSES ☞107(5)—MOTION FOR REMAND—AFFIDAVIT.

In disposing of a motion to remand, where its decision depends upon facts not apparent of record, affidavits may be considered, for it is important that the court should, at the earliest opportunity, determine the jurisdictional fact, so that the parties may litigate the issue in proper form.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 228.]

2. REMOVAL OF CAUSES ☞31—RIGHT TO REMOVAL—NECESSARY PARTIES.

A railroad corporation organized under the laws of Washington constructed a tunnel in the city of Seattle and conveyed its franchise and right of way, including the tunnel, to nonresident railroad corporations, completely divesting itself of all control over such property. Const. Wash. art. 12, § 8, declares that no corporation shall lease or alienate any franchise so as to relieve the franchise or property held thereunder from the liabilities of the lessor or grantor, lessee or grantee, contracted or incurred during the operation, use, or enjoyment of such franchise. After the expiration of a period longer than the period of limitations prescribed for actions for waste or trespass, the city of Seattle sued the railroad company which constructed the tunnel and the grantees for damages caused by its construction and maintenance. The suit, which was begun in the state court, was by the nonresident companies removed to the federal court on the ground of diversity of citizenship, it being claimed that the Washington company was not a necessary or indispensable party. *Held*, that as the constitutional inhibition upon transfer does not apply to a transfer relieving the corporation making it from liability, but prohibits such a transfer as will relieve the franchise or property from liability, the Washington corporation was not a necessary or indispensable party, limitations against any action against it having run, and hence the nonresident companies were entitled to remove the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 71.]

3. LIMITATION OF ACTIONS ☞55(5)—RUNNING OF STATUTE.

Where a Washington corporation which constructed a tunnel through the city of Seattle transferred its franchise and right of way, including the tunnel, to other railroad companies, no action for injuries occasioned by the construction and maintenance of the tunnel can be maintained against it more than three years after the transfer, Rem. & Bal. Code Wash. § 159, subd. 1, and section 165, respectively, declaring that an action for waste or trespass shall be commenced within three years, and that an action for relief not otherwise provided for shall be commenced within two years after accrual.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 303.]

4. REMOVAL OF CAUSES ☞100—RIGHT OF REMOVAL.

Where defendant has a right to removal, the federal court will not remand a cause though plaintiff in the state court in good faith joined as a party defendant one not necessary to the disposition of the case.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 213.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

239 F.—64

At Law. Action by the City of Seattle against the Great Northern Railway Company and others, begun in the state court and removed to the federal court. On motion to remand. Motion denied.

James E. Bradford, Corp. Counsel, and Howard M. Findley, Asst. Corp. Counsel, both of Seattle, Wash., for plaintiff.

C. H. Winders, of Seattle, Wash., for defendant Northern Pac. Ry. Co.

F. V. Brown and F. G. Dorety, both of Seattle, Wash., for other defendants.

NETERER, District Judge. The city of Seattle brought this action against the Great Northern Railway Company, a corporation, Northern Pacific Railroad Company, a corporation, and Seattle & Montana Railway Company, a corporation. It alleged, in substance, that it is a municipal corporation organized under the laws of the state of Washington; that the Great Northern Railway is a corporation organized under the laws of Minnesota; that the Northern Pacific Railroad Company is a corporation organized under the laws of Wisconsin; that the Seattle & Montana Railroad Company is a corporation organized under the laws of Washington; that the plaintiff is the owner of block 19, situated on the northeast corner of Madison street and Fourth avenue; that upon this property is a building of stone, brick, concrete, and steel construction, known as the Seattle Public Library; that the building is used by the general public as and for a general library building, and is intended for no other purpose; that during the "year 1904 the defendants constructed a tunnel, for the purpose of laying down, constructing, maintaining and operating sundry railway tracks through the same, along, across, and beneath certain streets, avenues, and alleys, and, among others, under the surface of and in the said Fourth avenue in front of block 19, and have ever since operated and maintained the same." It is further alleged:

"That by reason of the negligent, careless, and unskillful manner in which said tunnel was constructed by said defendants, and the negligent, careless, and unskillful manner in which said defendants have operated and maintained said tunnel, the said Fourth avenue has sunk and been depressed below the established grade thereof, and the said block 19 has been undermined and deprived of its natural and lateral support, thereby causing the earth on plaintiff's said premises to cave in, slip, slide, and move, and the support and foundations of said building and the ornamental and retaining walls about and in front thereof, and the stone and concrete walks, terraces, and approaches thereto to crack, settle, become displaced, damaged and destroyed, and the bonds of said building to sever, and the walls, partitions, floors, roof, tiling, plastering, plumbing, and the entire structure to be cracked, broken, racked, damaged, and destroyed, on account of which the value of plaintiff's said premises has been greatly lessened and the use and occupation thereof impaired and diminished."

Judgment is prayed for $450,000. The defendant Seattle & Montana Railroad Company, in its answer, admits that it constructed the tunnel, and denies all other allegations in the complaint, and "specifically denies that it has, at any time since the 26th day of November,

1907, owned, operated, or maintained the said tunnel, railroad tracks, right of way, or any of the property or facilities located in said tunnel or connected therewith," and, further answering, the defendant al-leges:

"That all of the matters and things complained of by the plaintiff in said complaint occurred, if at all, more than two years prior to the commencement of this action, and that the plaintiff's cause of action herein if any it had, accrued to it more than two years prior to the commencement of this action, and that none of the acts, injuries, or damage alleged in said complaint occurred or happened within the period of two years immediately preceding the commencement of this action."

The defendants Great Northern Railway Company and the Northern Pacific Railway Company presented a petition for removal to this court, in which they allege:

That the Great Northern Railway Company is a corporation of the state of Minnesota, with its principal place of business at St. Paul in said state, and the Northern Pacific Railway Company is a corporation of Wisconsin, with its principal place of business at Madison, and "that the controversy in this action and every issue of fact and law therein is wholly between citizens of different states, and which can be fully determined as between them; that is to say, the plaintiff, the city of Seattle, and the defendants Great Northern Railway Company and Northern Pacific Railway Company."

The petition further avers:

"That the defendant Seattle & Montana Railroad Company * * * is not now the owner of the railroad, or any portion of the railroad or railroad facilities, or of the said tunnel or any of the right of way, or anything pertaining thereto, mentioned in said complaint," nor has it been interested in any way since the 26th day of November, 1907, and that the "Great Northern Railway Company and the Northern Pacific Railroad Company have owned, operated, and maintained the said tunnel and the railroad therein and the right of way thereof, and that no other persons or corporations whatever have been interested or taken part in the ownership, operation, or maintenance of said railroad, right of way, or tunnel, since said date."

The petition further avers that a deed, transferring all interest from the Seattle & Montana Railroad Company in all of said right of way, railway, and tunnel property to the other defendants, was filed for record in the office of the auditor of King county, on the 28th day of January, 1908, and has been recorded therein, and further avers:

That the Seattle & Montana Railway Company has been joined as a party defendant in this action improperly and fraudulently, for the sole purpose of defeating the jurisdiction of the District Court of the United States for the Western District of Washington, Northern Division, and for preventing the removal of said action from the state court; "that said plaintiff had not at the time of the commencement of this action, and has not since had, and has not now, any reason whatever to believe, or any reasonable grounds of establishing, any facts connecting the Seattle & Montana Railroad Company with the cause of action herein, and has not now, or has it had, any reasonable grounds to believe that a cause of action against said Seattle & Montana Railroad Company exists now, or existed at the time of the commencement of this action, arising out of the facts set forth in said complaint."

A proper bond, with the said petition for removal, was filed, and an order of removal was entered by the state court. The plaintiff has filed its motion to remand the case to the state court on the ground:

That the complaint shows that the Seattle & Montana Railroad Company is a corporation organized and existing under and by virtue of the laws of the state of Washington, and is a proper, necessary, and indispensable party defendant; that there is not involved in this action a controversy which is wholly between the citizens of another state on the one side and citizens of the state of Washington on the other side which can be fully determined as between them; "that there is not a fraudulent joinder of parties defendant, made for the purpose of preventing a removal to this court; that upon the face of the record the petitioning defendants are not entitled to have said cause removed to the federal court for trial."

Upon the argument of the motion to remand, the nonresident railroad companies offered in support of their contentions, as a matter to be considered by the court in this hearing, ordinances of the city of Seattle Nos. 9116 and 10545, and also presented certified copies of deeds wherein the Seattle & Montana Railroad Company, Washington corporation, is the grantor, and the Northern Pacific Railway Company and Great Northern Railway Company, respectively, defendants, are grantees, in which properties in issue, including the tunnel, were sold to the said railway companies. These deeds are acknowledged on the 26th day of November, 1907. They also presented a certified copy of assignment of the franchises, which were granted, under the ordinance referred to, to the Northern Pacific Railway Company and the Great Northern Railway Company. These assignments were filed in the city comptroller's office of the city of Seattle on the 30th of March, 1908, and June 1, 1908, respectively. The said defendants also presented affidavit of F. S. Guthrie, who swears:

That he has, since the month of January, 1910, been superintendent of terminals for the Northern Pacific and Great Northern Railways; "that as such superintendent he has been directly in charge and control of the railway tunnel under that portion of Fourth avenue passing in front of the Seattle Public Library Building and referred to in the pleadings in the above-entitled action; that as such superintendent, and at all of said times, affiant has had charge of the maintenance of said tunnel and of all repairs to said tunnel, and with the operation of all trains in or through the same; that as such superintendent affiant has been employed and paid by the Great Northern Railway Company and Northern Pacific Railway Company alone, and has reported to and acted under the direction of officials of said companies only, and that all bills for the maintenance, repair, and operation of said tunnel have been paid by said companies; that during said time the Seattle & Montana Railroad Company has not directly or indirectly operated any train or trains in or through said tunnel or taken part in the maintenance or repair of the same, and has not exercised any control whatever over the same."

L. C. Gilman deposes and says:

"That in the month of November, 1907, he was attorney for the Seattle & Montana Railroad Company and the Great Northern Railroad Company in Seattle, Wash.; that during said month said Seattle & Montana Railroad Company conveyed to the Great Northern Railway Company and the Northern Pacific Railway Company all of its property of every kind whatever in the state of Washington, including all its right, title, and interest in or to the Seattle tunnel referred to in the pleadings herein, and the franchises under which the same was constructed; that affiant was then, and ever since has been, familiar with the affairs of said Seattle & Montana Railroad Company as its attorney, or one of its officers, and that said company has not since the month of November, 1907, operated as a railroad company in the state of

Washington, nor maintained any business whatever in the state of Washington, nor maintained any office therein; that since said date all of the business formerly transacted by the Seattle & Montana Railroad Company, including the maintenance and operation of said Seattle tunnel, has been carried on by and in the name of the Great Northern Railway Company or the Northern Pacific Railway Company, and that it is a matter of common knowledge and notoriety that said Seattle & Montana Railroad Company has not been operating or maintaining said tunnel, or otherwise engaged in business in the state of Washington since the month of November, 1907."

F. V. Brown swears:

"That for more than three years last past he has been employed as attorney for the Seattle & Montana Railroad Company in every action which has been brought against said company in the state of Washington, and in any other legal matters which have arisen in said state affecting said company, and that he has been familiar with the affairs of said company in said state during said time, and that said company has not maintained an office or engaged in business in the state of Washington during said time, and has had no connection whatever during said time with the operation or maintenance of the Seattle Tunnel referred to in the pleadings in this action, and that it has been a matter of common knowledge and notoriety that said tunnel has been maintained and operated during said time exclusively by the Northern Pacific and Great Northern Railway Companies, and not either wholly or in part by the Seattle & Montana Railroad Company."

No affidavits or proof controverting these affidavits were filed or offered. Formal objection was made to the consideration of the affidavits by the court.

[1] There seems to be some diversity of opinion among courts upon the question of the consideration of affidavits upon the hearing of a motion to remand, or objection to the jurisdiction of the court. I think the greater weight of authority is in favor of such practice. The better reason is that it should be done. It is a matter of much importance and a court should at the earliest opportunity determine such jurisdictional fact, so that the parties may litigate the issue in the proper forum, and frequently save much time and money and not needlessly consume the time of the court in a fruitless investigation in order to find what could have been ascertained at the inception of the inquiry; and, if reasonable minds could not differ as to the fact, a court should not hesitate to retain jurisdiction. The Supreme Court, in Wecker v. National Enameling Co., 204 U. S. 176, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757, recognizes such practice.

[2, 3] The only question for the court to determine in this case is whether the Seattle & Montana Railroad Company is an indispensable party to the controversy in this action, and made a party in good faith, or was it improperly and fraudulently joined as a party defendant for the purpose of depriving the Great Northern Railway Company and the Northern Pacific Railway Company, citizens of other states, from seeking the forum of the federal courts in this controversy. The plaintiff contends that the Seattle & Montana Railroad Company, being a corporation of the state of Washington, and the original grantee of franchises (copies of the ordinances of which were admitted upon the hearing of the motion to remand and are a part of the record), is precluded by the provisions of article 12, § 8, of the Consti-

tution of Washington from relieving itself of liability, because of the acts complained of, by transfer and sale. This section reads:

"No corporation shall lease or alienate any franchise, so as to relieve the franchise, or property held thereunder, from the liabilities of the lessor or grantor, lessee or grantee, contracted or incurred in the operation, use, or enjoyment of such franchise or any of its privileges."

The ordinances which were offered upon the hearing, and the transfers and assignments which were introduced, conclusively establish to my mind that the Seattle & Montana Railroad Company, a corporation, divested itself of all interest of every kind and character in the franchises granted under the ordinances, and all of the railroad lines and interests, including every interest in the tunnel in issue in this case, in, November, 1907, and that since that time it has had no interest in the tunnel, or the railroad lines operated through the tunnel, had nothing to do with the operation of the road, contributed nothing to the maintenance of the tunnel or the operation of the line of railway, had divested itself of all and every obligation so far as the maintenance of the tunnel or any relation to it is concerned, and that plaintiff knew such fact at the time of bringing this action and had known it for a long time prior thereto. A reading of section 8, art. 12, will force the conclusion that it places no burden upon the railroad company as an entity. The inhibition is placed upon the franchise, and no transfer shall be made in such a way as to "relieve the franchise, or property held thereunder, from the liabilities of the lessor or grantor, lessee or grantee, contracted or incurred in the operation, use, or enjoyment of such franchise or any of its privileges." While no action could be maintained against the Seattle & Montana Railroad because of the statute of limitations, the property and franchises are liable for every obligation charged or incumbrance which can inure to or result from the operation of the lines of railway or the tunnel, and no attempt has been made to transfer the franchises or railway in such a way as to defeat or change the purpose of the original grant or to lessen the beneficiary interest that would naturally and necessarily result to the public by reason of the granting of the franchise. The case of Illinois Cent. Ry. Co. v. Sheegog, 215 U. S. 309, 30 Sup. Ct. 101, 54 L. Ed. 208, is not applicable here, because the court there discusses the relation of lessor and lessee, rather than that of grantor and grantee. A reversionary interest in the road in the other company was still subject to execution. To the same effect was the holding of the Supreme Court of the United States in Chicago & Northwestern Railway Co. v. Crane, 113 U. S. 424, 5 Sup. Ct. 578, 28 L. Ed. 1064. The allegations in the complaint against the Seattle & Montana Railroad Company are in general connection with the other defendant companies; there is no allegation showing any special liability either because of any act of omission or commission.

It must be conceded that the liability, if any exists against either of the defendant companies, is for some act either done or omitted where a duty is imposed within the period of limitation within which an action could be prosecuted under the laws of the state of Washington.

Section 159, Rem. & Bal. Code, subdiv. 1, provides that "an action for waste or trespass upon real property" shall be commenced within three years. Section 165 provides:

"An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued."

Either the two or the three year limitation would apply in this case. In an action to recover damages resulting from the consequences of the construction and operation of the tunnel in issue in this case, in the case of Welch v. Seattle & Montana Railroad Co., 56 Wash. 97, 105 Pac. 166, 26 L. R. A. (N. S.) 1047, the Supreme Court of Washington held that the period of limitation within which the action must be commenced is two years. The Seattle & Montana Railroad Company having transferred all of its interest in the railway and tunnel in 1907, cannot be held for damages for negligent operation or any act of omission in providing lateral support, or in the operation of the railway lines through the tunnel, which would injuriously affect the property of the plaintiff. 29 Cyc. 476; St. Louis, I. M. & S. Ry. Co. v. Dooley, 70 Ark. 389, 67 S. W. 1012; Upp v. Darner, 150 Iowa, 403, 130 N. W. 409, 32 L. R. A. (N. S.) 743, Ann. Cas. 1912D, 574.

[4] While the plaintiff may, in good faith, proceed in the state court upon a cause of action which it alleges to be joint, it is equally true that the federal court will not sanction devices intended to prevent a removal to the federal court where one has a right to such removal, and should be equally ready to protect the right to proceed in the federal court as to permit the state court in a proper case to retain its own jurisdiction. Clark v. Chicago, R. I. & P. Co. (D. C.) 194 Fed. 505; Wecker v. National Enameling Co., supra; McGarvey v. Butte Miner Co. (D. C.) 199 Fed. 671.

From a consideration of the record in this case the conclusion is inevitable that the Seattle & Montana Railroad Company is not a "necessary or proper party to this controversy," and that such fact was known to plaintiff prior to bringing this action, and was made a party defendant for the purpose of preventing the nonresident defendants from entering the federal forum with this litigation.

An order may be entered denying the motion to remand.