LUCY G. REESE ET AL., APPELLANTS, v. CITY OF LIN-
COLN, APPELLEE.

FILED APRIL 1, 1916. No. 18523.

Municipal Corporations: LIABILITY: ACTS OF OFFICERS. Where a prop-
erty owner, or a person contemplating the purchase of property,
within a city, visits the office of the city engineer, who is the
custodian of the maps, plans and surveys of the city, for the
purpose of ascertaining the cut to be made in grading the street
in front of the property, but does not understand the technical
language and method of making the records, and thereupon
requests and receives the advice and assistance of the engineer
in an interpretation thereof, the engineer in giving such assis-
tance and interpretation, in the absence of ordinance or stat-
ute making it his duty to do so, acts outside the scope of his duties,
and the city is not liable for damages sustained because of any
erroneous information given by the engineer under such circum-
stances.

APPEAL from the district court for Lancaster county:
P. JAMES COSGRAVE, JUDGE. Affirmed.

Wilmer B. Comstock, for appellants.

C. Petrus Peterson, Charles R. Wilke and Sterling F.
Mutz, contra.

MORRISSEY, C. J.

This is an action to recover $2,500 for damages to plain-
tiffs' property at Twentieth and C streets, Lincoln, alleged
to have been caused by the grading of C street. The peti-
tion, in substance, alleges that before purchasing the prop-
erty plaintiffs went to the office of the city engineer and
informed him of their intention to purchase the property,
provided that the grades of the streets adjacent thereto
were not lowered so as to materially injure the property;
that the city engineer exhibited the maps, plans and
sketches pertaining to C street, but was informed by plain-
tiffs that they could not determine therefrom to what ex-
tent C street would be lowered from the natural grade;

Reese v. City of Lincoln.

that thereupon the city engineer informed plaintiffs that
C street would not be excavated to a greater depth than 18
inches in front of the property; that, relying upon such
information, plaintiffs purchased the property and made
improvements thereon of the value of $15,000; that prior
to the injury complained of the property was worth $25,-
000; that subsequently and before signing the petition for
paving C street, plaintiffs again inquired at the office of
the city engineer for information as to the depth C street
would be excavated; that they were shown the maps,
sketches and plans; that they informed the city engineer
that they could not determine therefrom the information
they desired; that thereupon the city engineer informed
plaintiffs that the finished surface of the pavement in front
of their premises on C street would not be more than 14
inches lower than the natural surface of plaintiffs' lots;
that to further explain the matter the city engineer caused
stakes to be set on C street showing where the finished
pavement would be; that, being unable to determine from
such maps, plans and sketches to what extent the street
would be excavated, plaintiffs relied upon the information
furnished by the city engineer and signed the petition for
paving; that "thereafter defendant negligently and unlaw-
fully, and in fraud of plaintiffs' right, changed the grade
of C street between Nineteenth and Twentieth streets, and
in front of plaintiffs' lots, and, contrary to the representa-
tions aforesaid, defendant cut said C street in front of
plaintiffs' lots to a depth of about  *  *  *  four feet be-
low the natural surface of said lots;" that plaintiffs' prop-
erty was thereby rendered unsightly and unattractive and
difficult of access from C street, and its value was perma-
nently lessened, to plaintiffs' damage in the sum of $2,500;
that plaintiffs filed their claim for damages within the
time required by law.   Defendant demurred to the peti-
tion.   From an order sustaining the demurrer and dis-
missing the action, plaintiffs have appealed.

The principal question presented is whether a city is
liable in damages for an error of the city engineer in ex-

plaining to a lot owner the municipal plan and public profile for the grading and paving of an abutting street. The argument in support of municipal liability is that the making and improving of streets is a corporate function; that the city engineer has the duty of making plans and profiles of the established street grades, and has the custody of the same in his office, and that in improving the street he is acting for the city in its corporate capacity. The argument is not conclusive. It may be granted that in the performance of a corporate duty the doctrine of *respondeat superior* applies to municipal corporations, but to render the master liable for the negligence of the servant the latter must have been acting within the scope of his duties. Was the city engineer acting in the performance of his duties to the municipality, or was he performing an act outside of his duties, when he gave plaintiffs information regarding the established street grade in front of their property. The city charter prescribed the duties of the city engineer:

"The city engineer shall make record of minutes of his survey and of all work done in his department for the city, * * * and accurately make such plats, sections, profiles, maps, plans, details and specifications necessary in the prosecution of any public work, all of which shall be public records and shall belong to the city, and shall be turned over to his successors." Rev. St. 1913, sec. 4500.

"The city engineer shall * * * make all surveys, estimates and calculations necessary to be made for the establishment of grades, * * * and perform such other duties as the council may require. Before the council shall * * * enter into any contract for * * * any work or improvement to cost over two hundred dollars, he shall make and submit to the council an estimate of the total cost thereof, together with detailed plans and specifications, and, if approved by the council, such plans and specifications shall be returned to the city engineer and kept subject to public inspection." Rev. St. 1913, sec. 4501.

It will be presumed the legislature knew that engineers in making "plats, sections, profiles, maps, plans, details and specifications" perform their duties according to technical rules and methods of their profession, and that technical representations may not be understood by the public in general. The statute has imposed no duty upon the city or the city engineer to explain them to the public. While they become part of the public records of the city and are to be kept subject to public inspection, no duty is imposed upon the city or city engineer to give information as to their contents. In giving such information the city engineer acted outside the scope of his duties. He was acting for the plaintiffs, and not for the defendant.

In *Waller v. City of Dubuque*, 69 Ia. 541, it was held: "A city is not liable for the negligence or want of skill of its civil engineer in the performance of a duty the benefit of which is to accrue solely to an individual, and not to the city in its corporate capacity; and so the defendant city is not liable for the mistake of its engineer in incorrectly informing the plaintiff as to the established grade of the street adjacent to his lot, though an ordinance of the city made it his duty to give such information, for a named fee to be paid by the person desiring it." This rule is followed in *Sargent v. City of Tacoma*, 10 Wash. 212.

Plaintiffs rely upon *City of Youngstown v. Moore*, 30 Ohio St. 133. In that case evidence was held competent showing that the city engineer had misinformed plaintiff as to the established grade when plaintiff called at the office pursuant to a published notice "inviting all persons interested in property abutting on the streets to be improved to call and examine them, with a view to their filing claims for damages." The result of the engineer's act was that plaintiff failed to file a claim for damages within the designated time. The liability of the city for damages for grading the street already existed; and did not arise from any act of the city engineer in giving the information. It merely excused plaintiffs' delay in making claim for dam-

ages.   The decision of the Ohio court is not controlling in this case.

The defendant is not liable for damages sustained because of erroneous information given by the city engineer. The judgment is therefore

AFFIRMED.