**In re JOHNSON OIL & REFINING CO.**

District Court, N. D. Oklahoma. June 18, 1928.

No. 271.

1. **Removal of causes ☞41—Suit is not removable for diversity of citizenship, where state is party (Jud. Code, § 28 [28 USCA § 71]).**

If state is real party to action, the case is not removable to the federal court on ground of diversity of citizenship, under Judicial Code, § 28 (28 USCA § 71).

2. **Removal of causes ☞41—Proceedings under tax ferret statute for assessment of corporation's property were not improperly removed for diversity of citizenship, since county, not state, was real party (Comp. St. Okl. 1921, § 9798; Jud. Code, § 28 [28 USCA § 71]).**

Proceedings for assessment of corporation's property under tax ferret statute (Comp. St. Okl. 1921, § 9798), appealed to county court from final action of county treasurer, under sections 9798, 9799, appeals from board of commissioners to district court being provided for by sections 5837 and 5838, were not required to be remanded, after removal to federal court for diversity of citizenship, under Judicial Code, § 28 (28 USCA § 71), on ground that state was a real party to the action; the real party in interest being the county.

3. **Removal of causes ☞23—County court proceedings on appeal from county treasurer's action fixing assessment under tax ferret statute held removable as judicial controversy (Comp. St. Okl. 1921, §§ 9798, 9799; Jud. Code, § 28 [28 USCA § 71]).**

Proceedings in county court on appeal from final action of county treasurer assessing property under tax ferret statute (Comp. St. Okl. 1921, §§ 9798, 9799), held to involve judicial controversy, within Judicial Code, § 28 (28 USCA § 71), permitting removal to federal court for diversity of citizenship.

Proceeding on information of taxpayers of Pawnee County, Oklahoma, for the assessment of admitted property of the Johnson Oil & Refining Company. The cause was removed from the state court. On motion to remand. Motion to remand denied, and exceptions allowed to court's ruling.

W. Lee Johnson, Co. Atty., of Pawnee, Okl. (R. W. Stoutz, of Tulsa, Okl., of counsel), for movant.

West, Gibson, Sherman, Davidson & Hull, of Tulsa, Okl., for Johnson Oil & Refining Co.

KENNAMER, District Judge. The instant case was removed to the federal court from the county court of Pawnee county, and is before the court on a motion to remand. The matter pending in the county court of Pawnee county was an appeal from an order of the county treasurer of said county assessing certain property of the Johnson Oil & Refining Company, purported to have been made under the tax ferret statute of Oklahoma. The statute provides for an appeal to the county court from the action of the county treasurer, listing and assessing omitted property for taxation. The statute is as follows:

"An appeal may be taken to the county court from the final action of the treasurer within ten days, by giving notice thereof in writing and filing an appeal bond, as in cases appealed from the board of county commissioners to the district court." Section 9798, C. O. S. 1921.

"Upon an appeal being taken to the county court as provided in section 9798, the county court shall give precedence to the same and shall try and determine the same within thirty days in the manner provided for trial of civil cases, except that no jury shall be allowed." Section 9799, C. O. S. 1921.

As to appeals from the board of county commissioners to the district court, the Oklahoma statute is as follows:

"All appeals thus taken to the district court shall be docketed as other causes pending therein, and the same shall be heard and determined de novo." Section 5837, C. O. S. 1921.

"The district court may make a final judgment and cause the same to be executed, or may send the same back to the board with an order how to proceed, and require said board of county commissioners to comply therewith by mandamus or attachment as for contempt." Section 5838, C. O. S. 1921.

Proceeding under section 28 of the Judicial Code (28 USCA § 71), the Johnson Oil & Refining Company removed the case to this court after an appeal had been taken to the county court, as provided by the statutes above set forth. The petition for removal discloses that the amount involved is in excess of the required amount and that the Johnson Oil & Refining Company is not a resident of the state of Oklahoma.

[1, 2] In support of the motion to remand the cause to the county court of the state of Oklahoma, it is insisted that this is an action by the state of Oklahoma, and as such is not removable, because the state is not a citizen within the law conferring federal jurisdiction, where diversity of citizenship exists. If in fact the state of Oklahoma is the real party to the action, the case is not removable. County of Upshur v. Rich, 135 U. S. 467, 10 S. Ct. 651, 34 L. Ed. 196; Fitts v. McGhee, 172 U. S. 516, 19 S. Ct.

269, 43 L. Ed. 535. An analysis of the matter negatives the soundness of the contention, and establishes that the state is not the party, but that the particular county attempting to make the assessment is the party. As above indicated, this is an action by a tax ferret for Pawnee county, to assess certain property alleged to have been omitted for taxing purposes.

In section 9798, C. O. S. 1921, it is provided as follows:

"The board of county commissioners of any county in this state may contract with any person or persons to assist the proper officers of the county in the discovery of property not listed and assessed, as required by existing laws and fix the compensation at not to exceed fifteen per cent. of the taxes recovered under this article."

It is quite patent that the county contracts for the discovery of unlisted property, and the action cannot be regarded as an activity of the state. A small portion of the taxes recovered may be paid to the state, but the largest portion will be for the benefit of the county and its subdivisions. In Missouri, etc., Ry. Co. v. Missouri R. R., etc., Commissioners, 183 U. S. 58, 22 S. Ct. 18, 46 L. Ed. 78, it was held that the state is the real party in interest in any suit, "when the relief sought is that which inures to it alone, and in its favor the judgment or decree, if for the plaintiff, will effectively operate." In the cited case removal was refused by the state court upon the ground that the state was the real party in interest, by reason of its direct pecuniary interest in the result of the litigation. The United States Supreme Court did not concur in the holding of the state court, because the pecuniary interest of the state was not sufficient to make it the real party in interest, but held the case removable on the ground of diversity of citizenship.

A case of interest upon the subject is Smith v. Douglas County, Nebraska (C. C. A.) 254 F. 244. In that case a proceeding by a Nebraska county to assess inheritance taxes against property was held to be within the removal statutes, when it reached the county court and became a contest inter partes. The inheritance tax involved in the above case was to be collected by the county treasurer of the county where the decedent died, or where he had property, for the use of the state. Although the opinion of the court does not discuss the proposition that the state was the real party by reason of the tax being for the state's benefit, still it is an authority for the removability of a case for the collection of taxes by a county official. The instant case is even stronger upon its facts than the Nebraska inheritance tax case, for the reason that the taxes in the instant case are largely for the county and its subdivisions. It is significant that the state of Oklahoma has not collected ad valorem taxes for many years since its admission into the Union, of which fact judicial notice is taken, but that the counties have collected such taxes, and they have been collected almost exclusively for the benefit of the counties. The state has had the benefit of other tax incomes, which has made it unnecessary for the collection of a state ad valorem tax.

[3] Having concluded that the county of Pawnee is the real party to the action, and that the Johnson Oil Refining Company is not a resident of Oklahoma, it becomes necessary to determine whether the action is within the provisions of the removal statutes. Is it a suit at common law or in equity between citizens of different states? Certainly, if the matter is an administrative one, it is not a suit, and cannot be removed. On the other hand, if it has passed from the stage of administration by the appeal to the county court, and has become a judicial inquiry, it is properly removable.

This case has arisen by reason of an administrative officer of Pawnee county—the county treasurer—listing and assessing property discovered as not having been listed for taxation. Notice to the owner of the property must be given, in order that an opportunity may be afforded for the filing of objections to the assessing of the property. The county treasurer, acting as an administrative officer, makes the assessment. The property owner is given the right of appeal to the county court, and the sections of the Oklahoma statute above set forth prescribe the procedure upon appeal. Are the proceedings in the county court, to which the appeal must be taken, administrative or judicial? If they are judicial, the case is within the removal statutes, and an examination of the statutory provisions must be looked to for a solution of the question.

County courts of Oklahoma are courts of record for the determination of judicial controversies, and in the particular case the county court is called upon, after an appeal has been taken, to determine, as between the county, as one party, and the property owner, as the other, whether the property in question should be listed and assessed for taxation. It is quite apparent that a controversy is presented for the determination of the county court inter partes as to whether cer-

tain property shall be subjected to taxation. The statutes clearly make the matter one for judicial determination, for it is provided that the county court "shall try and determine the same within 30 days in the manner provided for trial of civil cases, except that no jury shall be allowed." It is clear that there is nothing administrative about the proceeding in the county court, for the property owner and the county treasurer are required to present the matter to the county court, as any civil case is presented to that court, except that there can be no jury.

It is my view that the statutory provisions conclusively determine that the matter becomes a judicial inquiry upon appeal to the county court, but, aside from the clear provisions of the Oklahoma statute, it has been held that an administrative proceeding transferred to a court usually becomes judicial, although not necessarily so in every instance. Road District v. St. Louis S. W. R. Co., 257 U. S. 547, 42 S. Ct. 250, 66 L. Ed. 364. Mr. Chief Justice Taft, in the cited case, disposes of many of the objections presented upon the motion to remand, and in his usual clear and masterful manner analyzes the question and determines it upon sound legal reasoning. The case, supra, would be absolutely controlling of the case presented, were it not for the difference in the taxes involved. In the Road District Case the assessments were for benefits and damages, while in the instant case it is one of general taxation. However, it is a proceeding under special statutory provisions, for the discovery of unlisted property, and the matter before the county court is no less a judicial inquiry, because an assessment for general taxation is involved, than would be the case were assessments for special improvements or benefits the subject-matter of the controversy.

In Upshur County v. Rich, supra, there is to be found the following language (135 U. S. at page 473, 10 S. Ct. 653), in a case involving the removal of a matter on appeal from an assessment for general taxation: "Even an appeal from an assessment, if referred to a court and jury, or merely to a court, to be proceeded in according to judicial methods, may become a suit within the act of Congress. But the ordinary acts and doings of assessors, or of appellate boards of assessors, in passing upon matters of mere valuation, appraisement or proportionate distribution of expense, belong to a different class of governmental functions, executive and administrative in their character, and not appertaining to the judicial department."

26 F.(2d)—60½

The Upshur Case held that the matter involved was administrative, that the court to which an appeal was to be taken was not a judicial tribunal, and the case is plainly distinguished from the instant case in Road District v. St. Louis S. W. R. Co., supra. It is to be seen that the Upshur Case recognizes the removability of a case involving facts and statutory provisions presented in the instant case, because the Oklahoma statute provides for a trial of the matter by the county court, to be proceeded in according to judicial methods, like all other cases are to be tried in the court.

Furthermore, for the reason that the proceedings involved in the instant case are not the ordinary acts and doings of assessors, but are special proceedings of a tax ferret, in having the county treasurer list and assess property alleged to have been improperly omitted from taxation, it is the order of the court that the motion to remand the case to the county court of Pawnee county be denied, and that exceptions be allowed to the ruling of the court.