**THERRELL v. ARTHUR et al.**

No. 1137.

District Court, S. D. Florida.

Dec. 13, 1932.

Carl T. Hoffman, Charles A. Carroll and Shutts & Bowen, all of Miami, Fla., for complainant.

Henry K. Gibson, Bart A. Riley, S. P. Robineau, and Miller, McKay, Dixon & De Jarnette, all of Miami, Fla., for defendants.

RITTER, District Judge.

The grounds for remanding this cause are urged only by the alleged defendant, which, for convenience, I call the Arthur committee. The plaintiff and the defendant Edmunds committee are not questioning the removal. The real ground for asking the removal is that the defendants are not all nonresidents of the state of Florida, so as to give diversity of citizenship. The members of the so-called Arthur committee are residents of Florida. This committee asserts that it is representing bondholders of various trusts involved by reason of an agreement dated December 11, 1931, and which is attached as Exhibit B to the petition for removal filed in the circuit court of the Eleventh judicial circuit of the state of Florida, and which has been put in evidence for this hearing. This agreement, in my opinion, is one based upon the co-operation and official action of the Honorable Paul D. Barns, judge of the circuit court for the Eleventh judicial circuit

of Florida. The key of the agreement is the approval of the agreement by that court, and the reservation by that court of power to supervise the work of the committee in the protection of bondholders in many respects. It attempts to not only tie in Judge Barns, but any other judge of the said judicial circuit, and provides for approval of plans and procedure. It is clear that the agreement was designed for the purpose of giving bondholders who might deposit their bonds with that committee the clear impression that the work of the committee was under the careful eye of the judge of the circuit court, and thus to establish confidence. The committee could not function without the official sanction of the said judge, or other circuit judge. Judge Barns entered an order approving the agreement, and consenting to act thereunder.

The Attorney General of the state of Florida presented an application for writ of prohibition to the Supreme Court of the state of Florida against Judge Barns from approving or acting under the said agreement, and on August 5, 1932, the Supreme Court in State ex rel. Landis, Attorney General, v. Eleventh Judicial Circuit Court et al., 143 So. 351, decided that the action of Judge Barns was without jurisdiction, and that he could not approve the said agreement as an official act or act thereunder according to its terms as judge of the circuit court, and held his action void.

The Supreme Court likewise acted upon a petition presented by William H. Edmunds committee (State ex rel. Edmunds v. Barns), found in the same above Southern Reporter, page 352. A writ of prohibition was ordered against the judge from acting. This, in my opinion, disposes of the so-called Arthur committee as a party defendant. It was not a legal committee; its agreement being void. It was, in fact, functus officio. Its representation of bondholders depending upon the validity of its agreement, and the agreement being void, it does not, therefore, legally represent bondholders in such a capacity as makes it a necessary, indispensable party defendant. Its interest, in any event, is no different in effect from that of the Edmunds committee, which committee is composed, as is admitted, of nonresidents who do represent, by a private agreement, certain of the bondholders in most, if not all, of the trusts involved here.

The facts concerning the court action on the so-called Arthur committee contract were known to the plaintiff and his counsel at the time the petition for the appointment of suc-

cessor trustee was filed in the state court. Nevertheless, the said Arthur committee was made a party defendant. It is immaterial here whether this was done intentionally by the plaintiff in an effort to retain jurisdiction of the state court, or otherwise. The motion to remand raises the question of the status of this Arthur committee. The federal courts disregard parties defendant in order to sustain their jurisdiction where the party is not a necessary one, and where its being joined in the state court would withdraw jurisdiction from the federal court. While the plaintiff may in good faith proceed in the state court upon a cause of action which it alleges to be joint, it is equally true that the federal court will not sanction devices intended to prevent a removal to the federal court where one has a right to such removal, and should be equally ready to protect the right to proceed in the federal court as to permit the state court in a proper case to retain its own jurisdiction. Wecker v. N. E. & S. Co., 204 U. S. 176, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757; City of Seattle v. G. N. Ry. Co. (D. C.) 239 F. 1015; McGarvey v. Butte M. Co. (D. C.) 199 F. 671; Clark v. Chicago, R. I. & P. Co. (D. C.) 194 F. 505.

"In general terms it may be stated that formal and unnecessary or merely proper parties may be disregarded, while indispensable or, as they are now called, necessary parties cannot be. A better stated rule is that defendants who are indispensable ones only should be considered, and others may be either dismissed or disregarded in determining jurisdiction, if their presence would oust the jurisdiction or restrict the right of the plaintiff." Cyc. of Fed. Procedure, vol. 1, p. 459; Foss v. First. Nat. Bank (C. C.) 3 F. 185, affirmed 114 U. S. 252, 5 S. Ct. 851, 29 L. Ed. 126; Meyer v. Delaware R. C. Co., 100 U. S. 457, 25 L. Ed. 593; Florida v. Anderson, 91 U. S. 667, 23 L. Ed. 290; Interstate Refineries Co. v. Barry (C. C. A.) 7 F. (2d) 548.

"It becomes necessary to consider the particular case and its pleadings and the frame and object of the suit to ascertain whether any particular party in the suit can be dispensed with or any omitted one is necessary. This is essentially an inquiry into the law of parties, involving its intricacies and based on many precedents into which no question whatever of jurisdictional diversity of citizenship entered. * * *

"The test for determining whether a person is indispensable who has a common interest with others is the unity or severalty of their interests; if severable, he is dispensable, but if united in interest, he is not." Cyc. of Fed. Procedure, vol. 1, p. 470.

The bill of complaint states that all of the defendants "hold common and general interests in the subject matter of this suit." Morton E. Sears was originally named as one of the Edmunds committee, but he was dismissed by order of the state circuit court on October 28, 1932.

I am of the opinion, therefore, that the so-called Arthur committee is not a necessary party nor a proper party, and this court will ignore it as a defendant, which leaves the defendants all nonresidents and brings the case to this court properly on a petition for removal.

I think it is the duty of the court at this time, considering the magnitude of the interests involved in this case and in the other cases connected with or related hereto which have been filed in this court and formerly considered, and which are now pending, and the many diverse and contending interests involved, and the thousands of bondholders and trustee certificate holders over this country who must be protected by a cessation of litigation and a fair and intelligent administration of the trusts involved, which should be carried out by a fair and impartial administration of their interests, for me to advise all parties now before me of what I think should be done. This case, which is one of six similar cases, and I am informed there are cases in other jurisdictions of the state which are to be removed, involving some seventy-one different trusts, under which bonds, mortgages, trustee certificates, and other evidences of indebtedness have been issued, should all be consolidated by consent of all parties in the hands of receivers appointed by this court with the powers of trustees under the terms of the respective trusts, and all the litigation should be consolidated into one case. The case of Edmunds et al. against Marion Mortgage Company and eleven other companies and J. H. Therrell, as liquidator, No. 1124-M Eq., should be accepted as the accounting suit between the defendants and the receivers in reference to the various trusts. The receivers can intervene in that case. Thus a multiplicity of suits would be eliminated, and, while the accounting is going on, the receivers can be attending to their duties of protecting the trusts. All books and records and documents of all kinds relating to the trusts should be turned over to the receivers by every company or individual

having any possession thereof. The court will appoint a general counsel for the receivers, which general counsel shall supervise the legal work, and no doubt there will be much work to be distributed among the lawyers interested in the litigation. I am willing to name as receivers Julian S. Eaton, Clark D. Stearns, and Kenneth S. Keyes, provided the last-named has no interest antagonistic to any of the trusts by reason of his former connection in any way therewith. I also will name an auditor to audit each trust from the beginning up to the time of the appointment of the receivers, so that a complete record may be made as the basis for a complete report to the beneficiaries of the trusts, and to aid in the accounting action.

In the case of Edmunds, etc., v. Eleven Companies, supra, I think the appointment of a receiver for the defendant companies might well be denied at this time, if the accounting goes on. The receivers can assert in proper actions any claims which they think the trusts may have against any or all of the defendants. There is no need to produce a clash between receivers, as it is evident that the same receivers cannot act as both receivers for the trusts and also for the companies.

This whole matter should be carried on solely for the interests of the beneficiaries, and no longer should it be the football of politics, attorneys' fees, or personal advantage, if any of these things have been the cause of the general disturbances occurring during the past few years. It may not be the province of a judge to so counsel in reference to litigation, but yet in the interest of fairness and expedition, and the vast amount of property involved, I shall assume the judicial right to express my views of the situation, so that what may happen hereafter may be well understood as not being the result of this court's action in reference to continued litigation which may be carried on in this court.

This cause comes on for hearing upon the motion of the defendants P. H. Arthur, W. Stanley Dodd, Frank J. Pepper, and Frank O. Pruitt, as and constituting a committee for the protection of holders of bonds and/or ownership certificates issued by and through Trust Company of Florida as trustee and affiliated organizations, to remand this cause to the state court. Evidence has been submitted by sworn pleadings and affidavits, and argument of counsel has been heard, and the court has given the matter due consideration.

It is ordered, adjudged, and decreed that the motion to remand be and hereby is denied.