**G. V. COLE, Plaintiff,**

v.

**CONTINENTAL OIL COMPANY, a corporation, Jack H. Choate, and King-Stevenson Gas and Oil Company, a corporation, Defendants.**

**Civ. A. No. 65–62.**

United States District Court
W. D. Oklahoma.
April 16, 1965.

C. Everett Murphy, Murphy & Evans, Kingfisher, Okl., for plaintiff.

Robert E. Gill, Jr., Oklahoma City, Okl., for defendant Continental Oil Co.

Lewis G. Mosburg, Jr., and A. P. Murrah, Jr., of Mosteller, Andrews & Mosburg, Oklahoma City, Okl., for defendant King-Stevenson Gas and Oil Co.

DAUGHERTY, District Judge.

This action was brought by the plaintiff against the defendant, Continental Oil Company, a corporation, in the District Court of the State of Oklahoma. The petition was amended naming Jack H. Choate and King-Stevenson Gas and Oil Company, a corporation, as additional defendants.

The plaintiff alleges that he is the owner of an undivided one-half interest in the mineral rights in certain real estate; that he executed an oil and gas lease to the defendant Choate, which lease, insofar as it covers the East Half of the Northwest Quarter (E½NW¼), was assigned by Choate to the defendant King-Stevenson Gas and Oil Company, reserving a certain production payment thereunder to the lessee, Choate; and that through a series of conveyances, title to a one-half interest in said lease vested in the defendant Continental Oil Company, subject to its proportionate part of the aforesaid production payment.

The plaintiff further alleges that said lease, being for a period of ten years, provided for the payment of delay rentals; that said delay rentals were not paid when due and have not been paid as agreed; that the lease is thereby terminated as provided by the terms thereof; that demand for a release of said lease was made and refused, and that because of such refusal the plaintiff has been damaged in the sum of $2,000.00; wherefore he prays for a cancellation of said oil and gas lease of record and in addition seeks damages for failure to release same upon request.

The defendants Continental Oil Company and King-Stevenson Gas and Oil Company removed this cause to the United States District Court for the Western District of Oklahoma, alleging that the matter exceeds the sum of $10,000 exclusive of interest and costs (the value of the leased property exceeding said amount), and that there is diversity between the plaintiff, a citizen of Oklahoma, and the two corporate defendants (Continental Oil Company being incorporated under Delaware law with its principal place of business at Houston, Texas; and King-Stevenson Gas and Oil Company being incorporated under Nevada law with its principal place of business in Colorado). These corporate defendants further allege that the defendant Choate is not a necessary party, no cause of action has been pleaded against him and his joinder is a fraud on the Court.

The plaintiff has filed a Motion to Remand this action to the state court for the reasons that (1) the amount involved does not exceed the sum of $10,000, and (2) there is not complete diversity between the plaintiff and defendants since the defendant Choate is a citizen of Oklahoma.

The right to remove a case from state to federal court is set out in 28 U.S.C.A. § 1441, which in part provides:

"(a) * * * any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

"(b) * * * Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

■■ Requisite diversity jurisdiction exists if all parties on one side are of citizenship diverse to that of all parties on the other side. Strawbridge v. Curtiss, 1806, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435; City of Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47. For purposes of determining whether requisite diversity of citizenship exists, the courts look to the citizenship of the real parties in interest and disregard the citizenship of nominal or formal parties having no real interest in the controversy.

■ It is well settled federal decisional law that diversity jurisdiction cannot be destroyed by the presence of nominal or formal parties who are neither necessary nor indispensable. Stonybrook Tenants Association, Inc. v. Alpert, (U.S.D. C.Conn.1961) 194 F.Supp. 552. The classic definition of necessary and indispensable parties is set out in Shields v. Barrow, 1854, 17 How. 129, 58 U.S. 129, 15 L.Ed. 158:

"The court here points out three classes of parties to a bill in equity. They are: 1. Formal parties. 2. Persons having an interest in the controversy and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. These persons are commonly termed necessary parties; but if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court,

the latter are not indispensable parties. 3. Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

In applying this classic definition of necessary and indispensable parties to the question of diversity in determining whether a case has been properly removed, the court in Leadman v. Fidelity & Casualty Company of New York, D.C. S.D.W.Va.1950, 92 F.Supp. 782, 784, stated:

"In determining questions of removability only indispensable and necessary parties are considered. Nominal or formal parties are disregarded. As plaintiff contends, the courts have uniformly defined indispensable parties as those who have such an interest in the subject matter that a final decree cannot be made without either affecting their interests or leaving the controversy in such condition that a final determination may be wholly inconsistent with equity and good conscience. (citations)"

In the case at bar, the defendant Choate is a citizen of Oklahoma and the plaintiff is a citizen of Oklahoma. If Choate is a necessary or indispensable party to this action, this Court has no jurisdiction because there is not complete diversity. The first question to be decided is—does Choate have such an interest in the subject matter of this controversy that a final decree between the parties before the court cannot be made without affecting his interests or leaving the controversy in such a situation that its final determination may be inequitable. Such is the test for an indispensable party as set out in Skelly Oil Co. v. Wickham et al., 10th Cir. 1953, 202 F.2d 442.

In Ford v. Adkins, (E.D.Illinois, 1941) 39 F.Supp. 472 the plaintiffs sued to quiet title and to reform a warranty deed in state court. Williams, the grantee in the deed had conveyed to defendant coal company all the coal, oil and gas acquired by him from the grantors. The defendants, other than Williams, filed a petition to remove alleging diversity and jurisdictional amount in controversy. The sole controversy was whether Williams was an indispensable party. The court held that Williams was not an indispensable party since he was no longer the owner of any of the property involved or any interest therein. The motion to remand was denied for the reason that there was no diversity between the plaintiffs and the defendants other than Williams whose presence was "wholly unnecessary".

In the case at bar, the plaintiff leased the mineral rights involved to the defendant Choate, who thereafter assigned the lease to the defendant King-Stevenson Gas and Oil Company, but Choate reserved unto himself a certain production payment thereunder. The lessee Choate after his assignment of the lease was then still the owner of an interest in the property involved in the form of a production payment under the lease. A final decree between the other parties before the Court cannot be made without affecting his interests—the cancellation of the lease sought by plaintiff would destroy his production payment thereunder.

To completely clear his title by cancellation of the lease, the plaintiff has elected to seek cancellation against all those having an interest of any nature in the lease. Since the defendant Choate at all times pertinent owned an interest in the lease agreement, he is indispensable in a suit to cancel same and, therefore, his Oklahoma citizenship destroys the jurisdiction of the federal court since there is not complete diversity between the plaintiff and the defendants as required by 28 U.S.C.A. § 1441.

But the second question to be decided is completely conclusive of the foregoing result. If Choate is not an indispensable party, he is without any doubt a necessary party as heretofore defined since his interest will be injuriously

affected by the relief sought by plaintiff. In this case, since the plaintiff has seen fit to include him as a defendant and cancel out his production payment interest along with all other interests in the lease, there is not present the necessary diversity for federal court jurisdiction.

In view of the above, the Court remands this case to the District Court of Kingfisher County, State of Oklahoma.