Felix M. HELMS, Plaintiff,

v.

Albert L. EHE, Defendant,
Texas Highway Department, Intervenor.

Civ. A. No. 68-H-42.

United States District Court
S. D. Texas,
Houston Division.

Feb. 9, 1968.

Davis, Davis & Hornbuckle, Wm. E. Hornbuckle, III., Huntsville, Tex., for plaintiff.

Talbert, Giessel, Barnett & Stone, Henry P. Giessel, Houston, Tex., for defendant.

Crawford C. Martin, Atty. Gen., of Texas, and Pat Cain, Asst. Atty. Gen.,

Austin, Tex., for intervenor, Texas Highway Department.

*Memorandum:*

INGRAHAM, District Judge.

This is a suit charging the defendant with negligence arising out of a motor vehicle collision near Huntsville, Texas. The plaintiff is a citizen of Texas and the defendant is a citizen of New York. The defendant was served pursuant to Art. 2039a, Vernon's Ann.Tex.Civ.St. Suit was originally filed in the District Court of Walker County, Texas and was subsequently removed to this court by the defendant. Prior to the removal of the suit, a petition in intervention was filed by the Texas Highway Department, stating that as a self-insurer, it was providing workmen's compensation for benefit of its employees. The petition further states that the plaintiff was an employee of the intervenor and collected $3,040.79 in workmen's compensation benefits. The intervenor seeks subrogation pursuant to Art. 8307, Sec. 6a, V.A. T.S., for the benefits paid plus the costs of the suit.

The case is now before this court for consideration of the plaintiff's and intervenor's motions to remand. Their contention centers on the proposition that diversity jurisdiction is defeated when one of the parties is a state or a state agency. The defendant acknowledges that the state, as a party litigant, may preclude diversity jurisdiction but insists that the state is not a real party at interest in this suit and, thus, its presence in the suit should not defeat diversity jurisdiction.

 It is well settled that if a state is a real party at interest in a suit, there can be no removal on the basis of diversity jurisdiction.[1] This is because a state cannot be a "citizen of a state" as required by 28 U.S.C. § 1441. The question in this case now becomes, "Is the Texas Highway Department a party at interest so as to prevent removal on the basis of diversity jurisdiction?" There is a substantial line of relatively old authority holding that only indispensable parties are considered in determining if proper diversity jurisdiction exists for removal of a suit to a federal court.[2] It is undisputed that mere nominal or formal parties will be disregarded in determining if diversity jurisdiction exists, but there is recent authority which challenges the older cases which look only to the indispensable parties' citizenship. These recent cases advance the proposition that the real parties at interest, in determining if removal is proper, include indispensable, necessary and proper parties. Interstate Bakeries Corp. v. McKee Baking Co., 248 F.Supp. 946 (W.D.Mo. 1965); Cole v. Continental Oil Co., 240 F.Supp. 642 (W.D.Okla.1965); Frederick Innkeepers Corp. v. Krisch, 230 F.Supp. 800 (D.Md.1964). The rule espoused by these cases finds support in two prominent treatises on federal procedure. See 1A Moore's Federal Practice 523, n. 15 (Rev.Ed.1961); 1 Barron and Holtzoff, Federal Practice and Procedure 476, n. 32, Pocket Supp., (Wright Ed.1960). In view of the fact that the right to remove a case to federal court is purely statutory and that the removal statutes have traditionally been given a strict construction by the courts, this court is of the opinion that all parties except formal or nominal parties must be considered in determining if proper diversity juris-

---

1. Stone v. State of South Carolina, 117 U. S. 430, 6 S.Ct. 799, 29 L.Ed. 962 (1886); See later cases collected in 1A Moore's Federal Practice 525, n. 24 (Rev.Ed. 1961).

2. Jones v. Box Elder County, 52 F.2d 340 (10 CA 1931), cert. denied, 285 U.S. 555, 52 S.Ct. 456, 76 L.Ed. 944 (1932); Interstate Refineries, Inc. v. Barry, 7 F. 2d 548 (8 CA 1925); Fienup v. Klein-

man, 5 F.2d 137 (8 CA 1925); Jennings v. United States, 264 F. 399 (8 CA 1920); Boatmen's Bank of St. Louis, Mo. v. Fritzlen, 135 F. 650 (8 CA 1905), cert. denied, 198 U.S. 586, 25 S.Ct. 803, 49 L.Ed. 1174; Jones v. Goodman, 114 F.Supp. 110 (D.Kan.1953); O'Neal v. National Cylinder Gas Co., 103 F.Supp. 720 (N.D.Ill.1952); Therrell v. Arthur, 3 F.Supp. 926 (S.D.Fla.1932), appeal dismissed, 66 F.2d 21 (5 CA 1933).

diction exists entitling a party to remove the suit. This narrows the question in the present case to whether the Texas Highway Department, a state agency, is more than a nominal party or not. If it is only a nominal party, its presence will not affect the diversity existing between the original plaintiff and defendant. If, however, the intervenor is considered a proper, necessary or indispensable party, then it becomes a "party at interest" and diversity jurisdiction is destroyed because the state is not "a citizen of any state".

The Texas Highway Department, as intervenor, is entitled to subrogation pursuant to Art. 8307, Sec. 6a, V.A.T.S. Under the provisions of this statute, the intervenor not only has the right of subrogation on any recovery by the plaintiff up to the amount it has disbursed plus reasonable expenses, it may also enforce a cause of action which the insured employee has either in the employee's name or its own name. The court finds that the subrogee in this case has a direct monetary interest in the lawsuit and cannot be characterized as only a formal or nominal party. Therefore, the requisite diversity jurisdiction for removal does not exist.

█ It has been suggested by the defendant that an intervenor cannot defeat diversity jurisdiction. This is not the law. While an intervenor will not oust a federal court of diversity jurisdiction in suits originally filed in that court,[3] removability is determined at the time of the petition for removal and the prior intervention by a party may defeat diversity jurisdiction requirements. See 1A Moore's Federal Practice 1056 (Rev. Ed.1961); Cf. Willingham v. Creswell-Keith, Inc., 160 F.Supp. 741 (W.D.Ark. 1958).

The plaintiff's and intervenor's motions to remand will be granted. The clerk will notify counsel to draft and submit an appropriate order.

---

[3]. See early U.S. Supreme Court authority cited in Sioux City Terminal Railroad & Warehouse Co. v. Trust Co. of North America, 82 F. 124 (8 CA 1897). Later cases are collected in 1 Barron & Holtzoff, Federal Practice and Procedure 139, n. 90 (Wright Ed. 1960).