The **COUNTY OF HARRIS**

v.

**IDEAL CEMENT COMPANY et al.**

**Civ. A. No. 68–H–600.**

United States District Court
S. D. Texas,
Houston Division.

Sept. 17, 1968.

Crawford C. Martin, Atty. Gen., Roger Tyler and James S. Swearihgen, Asst. Attys. Gen., Joe Resweber, County Atty., Houston, Tex., for plaintiffs.

W. Robert Brown, Liddell, Dawson, Sapp & Zivley, Houston, Tex., for defendants.

Memorandum and Order

SINGLETON, District Judge.

This cause was removed from the 165th District Court of Harris County, Texas on the basis of diversity of citizenship, 28 U.S.C. §§ 1332 and 1441 (1966). It is now before this Court on plaintiff's motion to remand for lack of the requisite diversity of citizenship.

. The County of Harris (hereinafter referred to as the County), a body corporate and politic existing under the laws of the State of Texas, and a political subdivision of the State of Texas, brought suit in state court to enforce the provisions of the Clean Air Act of Texas (Tex.Civ.Stat.Ann., art. 4477–5

(1966)) against Ideal Cement Company (hereinafter referred to as the Company), a citizen of Colorado. The County also joined as third party defendant the Texas Air Control Board (hereinafter referred to as the Board), an agency of the State of Texas, organized and existing under the Clean Air Act. Subsequently, the State of Texas intervened for and in behalf of the Board. The County seeks both injunctive relief against further violations of the Act and assessment of a penalty as provided for by Tex.Civ.Stat.Ann., art. 4477–5 § 12 (B) (1967).

■ Simply stated, the question is whether this is a cause cognizable under diversity jurisdiction. The initial step in resolving this question requires a realignment of the parties according to their sides in the dispute. The pleadings are not conclusive on this issue. A federal court has the duty to look beyond the pleadings to arrive at a true alignment of the parties. See City of Dawson v. Columbia Ave. Saving Fund, Safe Deposit, Title & Trust Co., 197 U.S. 178, 25 S.Ct. 420, 49 L.Ed. 713 (1905). In this instance, the Board could have no interest in opposing the enforcement of the Clean Air Act. Therefore, if the Board has an interest in this suit, it is as a plaintiff, not as a defendant. Accordingly, the Board will be realigned along side the County as plaintiff.

■■ It is quite clear that a county *may* be a citizen of a state for purposes of diversity jurisdiction. See Ex parte State of Nebraska, 209 U.S. 436, 28 S.Ct. 581, 52 L.Ed. 876 (1908); State of Oklahoma ex rel. Williams v. Oklahoma Natural Gas Corp., 83 F.2d 986 (10th Cir.1936); In re Johnson Oil & Refining Co., 26 F.2d 951 (N.D.Okl.1928). However, it is equally clear that, if a state is a real party at interest in a suit, there can be no removal on the basis of diversity jurisdiction. See Stone v. State of South Carolina, 117 U.S. 430, 6 S.Ct. 799, 29 L.Ed. 962 (1886); Chicago, R.I. & P.R.R. Co. v. Long, 181 F.2d 295 (8th Cir.1950); Helms v. Ehe, 279 F.Supp. 132 (S.D.Tex.1968); South Carolina State Ports Authority v. Seaboard Air Line R. R., 124 F.Supp. 533 (E.D.S.C.1954). This is because a state cannot be a "citizen of a State" as required by 28 U.S.C. §§ 1332 and 1441.

■ A determination of whether a state is a real party at interest is not based on the mere presence or absence of the state as a party of record, but rather it is based on a consideration of the nature of the case as presented by the whole record. See Ex parte State of Nebraska, 209 U.S. 436, 28 S.Ct. 581, 52 L.Ed. 876 (1908); De Long Corp. v. Oregon State Highway Comm'n., 233 F.Supp. 7 (D.Ore.1964), aff'd, 343 F.2d 911 (9th Cir.), cert. denied, 382 U.S. 877, 86 S.Ct. 161, 15 L.Ed.2d 119 (1965); Weyerhaeuser Co. v. State Roads Comm'n of Maryland, 187 F.Supp. 766 (D.Md.1960). Courts making this determination have based their decisions on various circumstantial factors, such as (1) whether the state agency which is the party to the suit is an arm or alter ego of the state, (2) whether the subject matter involved is a governmental function as distinguished from a private right, and (3) the pecuniary and beneficial interests of the state generally. Weyerhaeuser Co. v. State Roads Comm'n of Maryland, 187 F.Supp. 766 (D.Md.1960), see e.g., South Carolina State Ports Authority v. Seaboard Air Line R. R., 124 F.Supp. 533 (E.D.S.C. 1954) (Authority was arm of state); State of Indiana to the Use of Delaware County v. Alleghany Oil Co., 85 F. 870 (C.C.D.Ind.1898) (preservation of natural resources is governmental function); People of State of California ex rel. McColgan v. Bruce, 129 F.2d 421, 147 A.L.R. 782 (9th Cir.), cert. denied, 317 U.S. 678, 63 S.Ct. 157, 87 L.Ed. 544 (1942) (suit to recover state income tax is to the beneficial interest of the state). Consideration of any one of these factors in the present case leads to the conclusion that the State of Texas is a real party at interest.

The Board was created by the state legislature. Its powers and duties are

authorized and determined by state legislation. Six of the nine-member Board are appointed by the Governor, with the advice and consent of the Senate. The remaining three members of the Board are indirectly appointed in the same manner by virtue of their *ex officio* membership on the Board. The finances of the Board are determined by state appropriations and the Board is required to submit biennial reports to the Governor and the state legislature, Tex.Civ. Stat.Ann., art. 4477–5 § 3 (1967). Section 4(B) (5) of the Act provides that the Board shall "represent the State" in negotiating interstate compacts. A perusal of the remaining sections of the Act reveals unquestionably that the Board, in matters of air pollution, represents the state intrastate as well. See Tex.Civ.Stat.Ann., art. 4477–5 (1967).

■ The Board is nothing more than an arm of the state government in matters of air pollution. It is the mechanism through which the state attempts to conserve its air resources. The section of the Clean Air Act which permits suits by counties and other units of local government to enforce provisions of the Act also provides that the Board must be "a necessary party to the local government's suit." Tex.Civ.Stat.Ann., art. 4477–5 § 13(D) (1967). Thus, the State, via its alter ego the Board, is a necessary party to the County's suit.[1]

This is a suit involving a governmental function, not a private right. The County is not suing to redress injury done to the property or health of its citizens, nor is it suing as a corporate entity to recover damages to its own property. Nor is the County suing to enforce a right peculiar to the County government as a separate entity, i.e., the collection of county taxes or the enforcement of a contract with the County.[2] Instead, the County is suing to enforce the provi-

[1]. The real parties at interest, in determining if removal is proper, include indispensable, necessary and proper parties. See Helms v. Ehe, 279 F.Supp. 132 (S. D.Tex.1968); Interstate Bakeries Corp. v. McKee Baking Co., 248 F.Supp. 946 (W.D.Mo.1965); Cole v. Continental Oil Co., 240 F.Supp. 642 (W.D.Okl.1965). Contra, Jones v. Box Elder County, 52 F.2d 340 (10th Cir. 1931), cert. denied, 285 U.S. 555, 52 S.Ct. 456, 76 L.Ed. 944 (1932); Jennings v. United States, 264 F. 399 (8th Cir. 1920); Jones v. Goodman, 114 F.Supp. 110 (D.Kan.1953).

"In view of the fact that the right to remove a case to federal court is purely statutory and that the removal statutes have traditionally been given a strict construction by the courts, this court is of the opinion that all parties except formal or nominal parties must be considered in determining if proper diversity jurisdiction exists entitling a party to remove the suit * * * If (the State or State agency) * * * is considered a proper, necessary or indispensable party, then it becomes a 'party at interest' and diversity jurisdiction is destroyed because the state is not 'a citizen of any state.'" Helms v. Ehe, supra, 279 F.Supp. at 134.

[2]. It is this point which distinguishes the present case from the cases cited by defendant for the proposition that a county is a citizen for diversity purposes. The cited cases all involve the enforcement of a right belonging to a unit of local government as a separate entity. State of Oklahoma ex rel. Williams v. Oklahoma Natural Gas Corp., 83 F.2d 986 (10th Cir. 1936) (suit to recover moneys wrongfully paid by local government to gas corporation and to exact a statutory penalty); In re Johnson Oil & Refining Co., 26 F.2d 951 (N.D.Okl.1928) (suit to assess and collect county taxes); Parks v. Carriere Consol. School Dist., 12 F.2d 37 (5th Cir. 1926) (suit by local government to enforce contract).

Oklahoma ex rel. Williams v. Oklahoma Natural Gas Corp., supra, is also distinguishable in that the court relied on a state supreme court decision holding the state to be a nominal party in that type suit. The Clean Air Act in the present case has not been construed by a state court. In any regard, state decisions although persuasive are not determinative of the question of federal jurisdiction. The federal courts must make an independent determination of whether the state is a real party at interest. See Louisiana Highway Comm'n v. Farnsworth, 74 F.2d 910 (5th Cir.), cert. denied, 294 U.S. 729, 55 S.Ct. 638, 79 L.Ed. 1259 (1935); DeLong Corp. v. Oregon State Highway Comm'n, 233 F.Supp. 7 (D.Ore.1964), aff'd, 343 F.2d 911 (9th Cir.), cert. denied, 382 U.S. 877, 86 S.Ct. 161, 15 L.Ed.2d 119 (1965).

sions of the Clean Air Act, which sets up a comprehensive scheme, the purpose of which is to "safeguard the air resources of the state from pollution." Tex.Civ.Stat.Ann., art. 4477–5 § 1 (1967).

The State of Texas has a legitimate pecuniary and beneficial interest in the outcome of this suit. The penalty assessed under the Clean Air Act is paid into the State treasury. Moreover, this suit, in effect, is a suit by the State for the enforcement of an important governmental policy. The policy to be subserved is the protection of the state's air resources. Its protection concerns public, not private rights. It concerns the welfare of the entire state and the entire state has a beneficial interest in the suit. That the county has brought this suit is of no consequence. The County is acting in its governmental capacity as a subdivision of the State. The Clean Air Act recognizes that the problem of air pollution varies among the different areas of the state. See Tex.Civ.Stat. Ann., art. 4477–5 § 6(B) (1967). Thus the State has achieved a measure of decentralization in the administration of the Clean Air Act by relying upon local enforcement. The State should not be required to establish an extensive bureaucracy at the local level in order to convince a federal district court of its interest in the matter. Air pollution is no respector of legal boundaries. It is a state, indeed a national problem. The benefits of clean air are not restricted to the property owners adjoining defendant's plant nor to the citizens of Harris County.

Therefore, for the above reasons, it is determined that the State of Texas is a real party at interest in this suit and that the requisite diversity of citizenship is lacking because the state is not "a citizen of any state."

The plaintiff's motion to remand will be granted. The Clerk will notify counsel to draft and submit an appropriate order in accordance with this Memorandum and Order.