David **MURPHY**, Plaintiff,

v.

**TOWMOTOR CORPORATION**, Defendant.

No. 84 C 8764.

United States District Court, N.D. Illinois, E.D.

July 30, 1985.

On Motion To Vacate Aug. 13, 1986.

David X. Murphy, Chicago, Ill., for plaintiff.

Kimball Anderson, Winston & Strawn, Chicago, Ill., for defendant.

SHADUR, District Judge.

## MEMORANDUM OPINION AND ORDER

At the July 17, 1985 pretrial conference in this case, this Court noted the failure of intervenor Interlake, Inc. ("Interlake")[1] to join in the final pretrial order (the "Order") jointly prepared and tendered by counsel for plaintiff David Murphy ("Murphy") and defendant Towmotor Corporation ("Towmotor").[2] Counsel for Murphy and Towmotor then advised this Court that Interlake and its counsel had not participated at all in preparation of the Order and had participated minimally in the discovery process leading to preparation of the Order.

This Court's initial concern, upon being advised of Interlake's involvement in the case, was as to the validity of Towmotor's removal petition. Federal courts are courts of limited jurisdiction prescribed by Congress, and a removal petition that wholly omits reference to one of the litigants is necessarily flawed:

1. If Interlake were somehow viewed as a party defendant (which would seem an inapt label under the circumstances), its non-joinder in the petition and Towmotor's silence as to the reason for non-joinder would be fatal to the removal. *Hardesty v. General Foods Corp.*, 608 F.Supp. 992 (N.D.Ill.1985).

2. If Interlake were considered as a party plaintiff,[3] Towmotor's failure to serve notice on it[4] would render the removal petition defective, for 28 U.S.C. § 1446(e) (emphasis added)[5] requires that the defendant "give written notice thereof to *all* adverse parties."

Accordingly this Court had its law clerk obtain the entire record in this District Court to determine Interlake's posture in the case. What the record reflects is an April 24, 1984 order by Honorable Paul Elward of the Circuit Court of Cook County (entered fully six months before the removal) giving leave to Interlake "to join in the action" but stating:

4. That said action be carried on without a change in title, intervening petitioner shall not be considered a party litigant to the case nor participate in the conduct or trial of the suit.

That order, though it tracks Interlake's petition, is mysterious. Ill.Rev.Stat. ch. 110, ¶ 2–408 ("Section 2–408") deals with intervention in a manner drawn directly

---

1. Interlake was Murphy's employer. It intervened in the litigation to assert its workers' compensation lien under the Illinois Workers' Compensation Act, Ill.Rev.Stat. ch. 48, ¶ 138.-5(b) ("Act § 138.5(b)").

2. None of the pleadings filed in this Court's chambers, beginning with the original removal papers from the Circuit Court of Cook County, have referred to any parties except Murphy and Towmotor. Only the Order disclosed Interlake's presence for the first time, by listing Interlake in the case caption as "Intervenor."

3. That characterization seems clearly right. Under Act § 138.5(b) the employer is effectively subrogated to the employee's rights against the defendant in the personal injury lawsuit, to the extent the statute authorizes reimbursement of the employer's compensation payments. Thus the employer stands pro tanto in the plaintiff employee's shoes.

4. Towmotor's removal petition was solely directed to and served upon Murphy's lawyer, not on Interlake or its lawyer (who, as already indicated, went totally unmentioned in the petition and accompanying papers). Among other things, for example, the removal bond did not run in Interlake's favor.

5. All references to Title 28 will take the form "Section—." Though this opinion also adverts to a single section of the Illinois Code of Civil Procedure (Ill.Rev.Stat. ch. 110, ¶ 2–408) as "Section 2–408," that citation is sufficiently distinctive from the numbering in Title 28 as to create no possible confusion.

from Fed.R.Civ.P. ("Rule") 24. Judge Elward's simultaneous party-nonparty status for Interlake would be unknown in the federal practice, for Rule 24 treats an intervenor "as if he were an original party and has equal standing with the original parties" (7A Wright & Miller, *Federal Practice and Procedure: Civil* § 1920, at 611 (1972)), subject only to possible conditions "of a housekeeping nature" (*id.* § 1922, at 626). In like manner, under Illinois' Section 2–408(f) "[a]n intervenor shall have all the rights of an original party," with certain stated exceptions that the court is authorized to impose to avoid the intervenor's disruption of prior or future proceedings. This Court's quick (though admittedly incomplete) survey of state law has uncovered nothing in the Illinois practice to support the party-nonparty concept there. Indeed Act § 138.5(b) specifically refers to the employer *joining* in the employee's action against the third party, without any hint of the employer's then having anything less than full party status in the litigation.

■ It is unnecessary however to explore that subject in depth. Whether or not Judge Elward's order was solidly grounded in Illinois law, Towmotor could reasonably have relied on it by omitting Interlake from its listing of the parties in the removal petition, so as perhaps to bring Section 1653 into play and permit a belated curing of that justifiable omission. Towmotor's problem is that it did not indulge such a limited and understandable lapse in the removal procedure. Instead it ignored entirely Paragraph 2 of Judge Elward's order, which expressly stated (emphasis added):

2. That all orders entered herein shall be made for the protection of the interests and rights of INTERLAKE, INC., and that *all* notices shall be served upon its attorneys, Seyfarth, Shaw, Fairweather & Geraldson, 55 East Monroe Street, Suite 4200, Chicago, Illinois, 60603, in the same manner as if INTERLAKE, INC. was a party to the original suit.

Towmotor did *not* serve Interlake with notice of the removal, as both Judge Elward's order and Section 1446(e) required. And because the removal petition did not even disclose the existence of Interlake, it obviously did not identify Interlake's citizenship, also a necessary factor in conferring this Court's limited jurisdiction. Just as the facts of total diversity of citizenship must be both present *and* affirmatively alleged in order to vest jurisdiction in a federal court in the first instance (see, e.g., 5 Wright & Miller, *Federal Practice and Procedure: Civil* ¶ 1208, at 87 & n. 99 and cases there cited (1969 ed. and 1985 pocket part); 13 B *id.* § 3624, at 610 & n. 20 and cases there cited (1984 ed. and 1985 pocket part)), so the removal petition must affirmatively allege those same facts. *Hardesty,* 608 F.Supp. at 993.

■ Accordingly this action was "removed improvidently and without jurisdiction" within the meaning of Section 1447(c). Interlake had and has a substantial economic interest in this litigation, and it cannot be viewed as a purely nominal party as was the case in *Northern Illinois Gas Co. v. Airco Industrial Gases,* 676 F.2d 270, 272–74 (7th Cir.1982). Because we are long past the date for timely removal, and because this case involves the total absence of a necessary allegation of jurisdiction (as contrasted with a merely defective one), it is not one calling for invocation of Section 1653. *Hardesty,* 608 F.Supp. at 993 & n. 2; *Mason v. IBM,* 543 F.Supp. 444, 446 (M.D. N.C.1982).

This Court therefore remands this action to the Circuit Court of Cook County. All proceedings in this District Court, including Murphy's and Towmotor's joinder in the Order (though had the case remained here, this Court would have required Interlake to join in the Order as well), will remain in the case. Towmotor is required to pay any incremental costs and disbursements that may have been incurred by reason of the removal.

## ON MOTION TO VACATE

This action originally came to this District Court from the Circuit Court of Cook

County via a removal petition by Towmotor Corporation ("Towmotor"), which reflected the only parties to the litigation as defendant Towmotor and plaintiff David Murphy ("Murphy"). After the litigation had reached the final pretrial order ("FPTO") stage, this Court learned for the first time of the presence of Interlake, Inc. ("Interlake"), Murphy's employer, as intervenor under an April 24, 1984 (preremoval) order issued by Honorable Paul Elward of the Circuit Court.

Because the FPTO disclosed Towmotor's removal petition had been defective for nonjoinder of, or a lack of notice to, Interlake, this Court promptly issued a July 30, 1985 remand order (in the "Opinion", 642 F.Supp. 22). Towmotor then filed a motion seeking (1) vacation of the July 30 order and (2) leave to amend its original removal petition to reflect Interlake's presence. For some inexplicable reason that motion has remained dormant ever since, until this Court again became aware of its existence only recently (and by chance Towmotor's lawyer also sent a letter calling the matter to this Court's attention).[1]

Opinion at 23–24 said Judge Elward's treatment of Interlake as "not ... a party litigant," though he had given it leave "to join in the action," was really unwarranted by Illinois law (Ill.Rev.Stat. ch. 110, ¶ 2–408, which is drawn directly from Fed.R.Civ.P. ["Rule"] 24). Though Towmotor then supplemented the memorandum supporting its motion with a letter referring to three Illinois decisions,[2] none of those supported the idea the employer-intervenor was not a *party* (a concept that the Opinion accurately suggested was really a contradiction in terms). Instead *Sjoberg*, 8 Ill.App.2d at 417–18, 132 N.E.2d at 58 (the only Illinois case dealing directly with intervention) recognized the intervening employer *as a party*, while holding the employer would not have the right to participate in the conduct or trial of the action without the employee's consent.

Neither of the other cited Illinois cases is inconsistent with that view of the employer as party to the litigation. Indeed, what *McCormick* points up is that the employer as intervenor has interests adverse to *both* the third-party tortfeasor (because recovery by the employee is necessary to create a fund available for the employer's reimbursement) *and* the employee (because the employer's reimbursement pro tanto reduces the employee's in-pocket recovery from the third-party tortfeasor).[3] Thus Murphy and Interlake have common cause against Towmotor, but they have opposing

---

1. This Court's regular practice is to establish and maintain a 4″ × 6″ card for every case in which any motion is filed calling for a briefing schedule, and then to make and distribute to its law clerks every other week a list of motions scheduled to reach the projected target dates for decision during the ensuing five or six weeks. Additionally this Court reviews, shortly after receipt, each monthly computer printout from the Clerk's Office listing all its pending cases. What apparently happened here is that (a) the case was eliminated from the July 31, 1985 printout because of the July 30 remand order and (b) no motion card was set up because no briefing schedule was established. Non-disposition of the Towmotor motion first came to light recently, when this Court had the rare opportunity to cross-check its computer printout and docket sheets on pending cases (neither of which had any listing of this action) against the file jackets of duplicate copies of pleadings in this Court's chambers files (which did turn up the post-Opinion motion papers). Just after that happened, the reminder letter came in from Towmotor's lawyer. Apologies are due counsel

for the lapse, and thanks are due Towmotor's counsel for the reminder letter.

2. *Sjoberg v. Joseph T. Ryerson & Son, Inc.*, 8 Ill.App.2d 414, 417–18, 132 N.E.2d 56, 58 (1st Dist.1956); *McCormick v. McDougal-Hartmann Co.*, 111 Ill.App.2d 346, 350, 249 N.E.2d 275, 278 (3d Dist.1969); and *J.L. Simmons Co. v. Firestone Tire & Rubber Co.*, 126 Ill.App.3d 859, 864, 81 Ill.Dec. 627, 631, 467 N.E.2d 327, 331 (3d Dist.1984). Another decision Towmotor's counsel cited, *Harris v. General Coach Works*, 37 F.R.D. 343, 346–48 (E.D.Mich.1964) followed (under Michigan law) the intervention-and-limited-participation procedure for an intervenor employer established in *Sjoberg*.

3. *Simmons*, which Towmotor's counsel referred to only as having distinguished *Sjoberg*, also reflects the adverse positions of employer and employee where (as frequently occurs) the third-party tortfeasor seeks contribution from the employer. It adds nothing to the discussion here.

interests in the fund that may be generated by their common cause.

Indeed, further reflection in light of the case law Towmotor has adduced does require modification of some of the things said in the Opinion—but in the direction of fortifying rather than changing the result reached: remand of this case. Opinion at 2 said viewing Interlake as a party defendant "would seem an inapt label under the circumstances." But there is no question Interlake will have a right of subrogation against Murphy if this action succeeds against Towmotor—a right that would be enforceable by separate action, with Interlake and Murphy on opposite sides of the dispute. And Interlake's intervention in *this* action is simply a device for asserting that claim here rather than by a separate lawsuit. In sum, the *McCormick* demonstration that the employer-intervenor is adverse to both the employee and the third-party tortfeasor is a real-world characterization this Court ought to heed in considering how its diversity jurisdiction is to be determined.

Two principles thus emerge from Towmotor's own citations:

1. Opinion at 3–4 was correct in characterizing as incorrect Judge Elward's order denying Interlake party status. Under Ill.Rev.Stat. ch. 110, ¶ 2–408(f) Interlake did become a *party* when it was given leave to intervene, albeit a party with limited rights of participation.

2. Interlake could not be viewed as a "nominal" party, to be disregarded for removal purposes. It has a direct economic interest in the outcome that its intervention is intended to protect—that is the specific (and stated) reason for the Ill.Rev.Stat. ch. 48, ¶ 138.5(b) grant of the right to intervene. Indeed *Harris*, 37 F.R.D. at 345 held such an employer's intervention was *of right* under Rule 24(a), supporting its non-nominal status in federal jurisdictional terms. And that was the square holding of *Helms v. Ehe*, 279 F.Supp. 132, 134 (S.D.Tex.1968) (cited by Murphy's counsel in response to the letter from Towmotor's counsel).

This opinion proceeds from those principles, viewing Interlake as a party whose presence must be taken into account for removal purposes.

Towmotor identifies Interlake as an Illinois citizen under 28 U.S.C. § 1332(c): Its principal place of business is in Illinois. Murphy too is an Illinois citizen. Hence if (as already suggested) Interlake's presence in the litigation is viewed as adverse to Murphy's, that would totally destroy diversity and render the removal as having been taken "improvidently and without jurisdiction" (28 U.S.C. § 1447(c)). That was in fact the result in *Helms* once the intervening employer was held a non-nominal party.[4]

Even if that were not the case, however, Towmotor did not comply with the statutory requirements for the reasons stated in the Opinion.[5] And it will not do for Towmotor's counsel to describe the Opinion as "technical"—let alone "hypertechnical"

---

**4.** Because the employer in *Helms* was the State of Texas, which by definition is not a citizen of any state, federal diversity jurisdiction was lacking however the employer was aligned (whether against the employee or against the third-party tortfeasor or both). Accordingly the case did not have to address how the intervening employer should be characterized.

**5.** Towmotor Mem. 5–6 now says it "properly served" Interlake with the removal petition as 28 U.S.C. § 1446(e) requires, though it did not reflect that in the removal petition. It explains its omission of any reference to Interlake from the certificate of service attached to the removal petition as occasioned by the Section 1446(e) reference to "all adverse parties" (and Interlake is said not to have fit that description because of Judge Elward's order). In all candor, that seems a bit disingenuous, smacking more of a post hoc rationalization than a contemporaneous judgment. Towmotor filed *all* its removal papers (including its counsel's certificate of service *only* on Murphy's lawyer) October 10, 1984. Then on October 18 its counsel wrote Interlake's lawyers what was obviously a courtesy communication, *not* a Section 1446(e) service:

Dear Bob:

After dismissal of Caterpillar, which was a non-diverse defendant, I removed this case to federal court. Enclosed for your files are copies of the removal papers. Please do not hesitate to call if you have any questions.

 

(Towmotor Mem. 6) in having referred to that noncompliance. *All* of federal jurisdiction is "technical" in that sense: Federal courts are courts of limited jurisdiction, and the crossing of t's and dotting of i's is the essence of procedural and jurisdictional jurisprudence.

What exists here, then, is a substantial predicate for considering federal jurisdiction utterly nonexistent. Such cases as *Kanzelberger v. Kanzelberger*, 782 F.2d 774 (7th Cir.1986) and *Ross v. Inter-Ocean Insurance Co.*, 693 F.2d 659 (7th Cir.1982) teach it is foolhardy to risk permitting the parties to proceed where—even post-judgment—the loser will have a free run at attacking the result in forcing the action to begin anew in the state court. Even on the alternative predicate that would ignore (unrealistically) the adverse positions of Murphy and Interlake, jurisdiction was certainly (though in the "technical" sense criticized by Towmotor) absent at the time of removal—and that is so even though this Court would likely have discretion to permit the flaw to be cured and retain the case.

In that posture, with one hypothesis creating a federal subject matter jurisdictional flaw and the other hypothesis a "technical" lack of subject matter jurisdiction subject to possible cure, responsible jurisprudence calls for avoiding the substantial risk that such jurisdiction is lacking. Assuredly under the first hypothesis, and as a reasonable application of the removal rules to the second hypothesis, this case "was removed improvidently and without jurisdiction" (28 U.S.C. § 1447(c)). Towmotor's motion to vacate the July 30, 1985 order is denied, and the Opinion remanding this action to the Circuit Court of Cook County is confirmed.[6]

6. After this opinion was written and in final form, this Court's minute clerk retrieved the docket in the case (as it turned out, part of this District Court's closed-case files). Even though this Court had entered an August 9, 1985 order taking Towmotor's motion to vacate under advisement, just two weeks later the Clerk's Office had transmitted the case to the Circuit Court with a certified copy of the July 30 remand order! Had the present opinion reached a different result, a good deal of corrective surgery would therefore have been necessary—but as it is, matters can remain in status quo. One final procedural point should be addressed, however: Although the Circuit Court of Cook County may not have a direct counterpart of this District Court's General Rule 5.00, with its standing form of FPTO, it would clearly be wasteful for the state trial court to ignore the FPTO's existence. Accordingly this Court suggests the parties seek from the Circuit Court (1) the same priority for trial the case would have enjoyed here and (2) an order giving the FPTO the same effect it has under this District Court's rules. This Court has the executed FPTO available to the parties for that purpose.